CHARLES RANEY, Respondent, v. JULES C. LACHANCE, Appellant.

### St. Louis Court of Appeals, October 21, 1902.

1. **Negligence:** PRESUMPTIONS. While plaintiff and another workman were drawing a timber from the street it was negligently allowed to swing so that one end broke a window. It could not be determined from the evidence whether the negligence was that of plaintiff, the other workman, or the two concurrently. *Held,* that while negligence was presumable from the facts, it could not be presumed that the breaking of the window was due to the negligence of plaintiff, or that of him and his fellow jointly.

2. ———: ———: JOINT TORTFEASORS. To recover for negligence, it is not necessary that a joint tortfeasor be joined.

3. ———: PRESUMPTION: NEGLIGENCE: GENERAL RULE. The general rule that the mere fact of loss or injury occurring by the act or omission of another does not raise the presumption of negligence on the part of either, does not apply in circumstances where the occurrence would not have ordinarily happened if due care and diligence had been used by those who had the management of the instrumentality by which the occurrence was brought about.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*P. R. Flitcraft* for appellant.

(1) An employee or servant is liable in a suit brought by his master to indemnify the latter from the consequence of his negligence or misconduct. Schouler on Domestic Relations (5 Ed.), sec. 478; Green v. New River Co., 4 T. R. 589; Pritchard v. Hitchcock, 6 Man. & Gr. 165; Steinhauser v. Spraul, 127 Mo. 556. (2) And this liability exists notwithstanding the concurring negligence of another servant not made a defendant with him. Schouler on Domestic Relations (5 Ed.),

sec. 478; Zulkee v. Wing, 20 Wis. 408; Boyle v. Railroad, 88 Ill. App. 255; Minster v. Railway, 53 Mo. App. 279, and authorities cited. (3) A person employed to do work requiring skill or involving unusual hazard, and undertaking to do it for suitable compensation in a skillful and careful manner, is bound so to do it, and he is responsible to his employer for injury occasioned the latter by the negligent manner in which he performed the work. Schouler on Domestic Relations (5 Ed.), sec. 478, and authorities cited; Willard v. Pinard, 44 Vt. 34; Homes v. Onion, 2 C. B. N. S. 790.

*Cunningham & Maurer* for respondent.

(1) The court sitting as a jury was the sole judge of the credibility of the witnesses and the weight to be given to their testimony; and is not confined alone to the mere credibility of the witness but may take into consideration all the surrounding circumstances. Powell v. Railway, 59 Mo. App. 335; Lawson v. Wilson, 37 Mo. App. 636. (2) Where plaintiff's case is founded on negligence, and not on intentional injury, the burden is upon him throughout the trial to prove it. Dowell v. Guthrie, 99 Mo. 653. Evidence sufficient to show that the glass was broken by respondent is not sufficient to support a verdict, or to shift the burden of proof. Flannery v. St. Joseph, 23 Mo. App. 120. The jury must be left to determine the facts from all the evidence no matter by whom offered. Murray v. Railway, 101 Mo. 236.

BLAND, P. J.—The suit was commenced before a justice of the peace, on account, for a balance of $11.25 due plaintiff as wages earned while in the employ of defendant as a journeyman painter. The correctness of the account is admitted.

Defendant filed a counterclaim alleging in substance that prior to May 21, 1901, he contracted with the owner to do certain painting on the building known as No. 1008 on Pine street in the city of St. Louis;

that on May 21, 1901, he directed the plaintiff, then in his employ as a journeyman painter, to proceed with other painters to do the painting contracted to be done on said building; that plaintiff and the other employees entered on the premises to perform the work and while so engaged so carelessly and negligently handled certain appliances entrusted to them and necessary to do the work, as to break a large plate-glass window in the building to the injury and damage of said building in the sum of $57.82, which the defendant was obliged to pay and did pay.

Plaintiff recovered judgment in the justice's court from which defendant appealed to the circuit court. On a trial anew in the circuit court the issues were submitted to the court without a jury. After hearing the evidence the court found against the defendant on his counterclaim and rendered judgment for plaintiff for the sum sued for. The defendant duly appealed.

The evidence is that the defendant had a contract with the owner to do certain painting on the building known as 1008 Pine street, city of St. Louis, and on May 21, 1901, sent plaintiff, and Sparks, Oppenheim and Vaughn, other men in his employ, to do the painting on the building, with the necessary tools and appliances for the work; that when the painters arrived at the building they proceeded to raise to the roof of the building, which is flat, outriggers for the purpose of supporting a swinging stage on the outside of the building for the painters to stand on to do the painting and to lower or raise themselves as the work required. That the outriggers were timbers four inches square and from twelve to sixteen feet long and weighed from sixty to seventy pounds each. On one end of each outrigger there was an iron band with an eye in which was hooked (after the outriggers had been secured on the roof) blocks, on which were suspended the ropes to support the swinging stage.

The outriggers were to be laid upon the roof of the building with the banded end projecting over the

cornice a sufficient distance to clear the swinging stage from the building. To prevent the outriggers from tipping up, the ends resting on the roof were held in place by bags of sand. To raise the outriggers to the roof, plaintiff and Vaughn went upon the roof with a rope each. One end of each rope was let down to Sparks and Oppenheim, who securely tied each end of the outrigger with these ropes and then signaled plaintiff and Vaughn to draw on the ropes and assisted them to raise and steady the outrigger until it had passed up and beyond their reach, when plaintiff and Vaughn completed the raising of the outrigger to the roof by pulling in the ropes. Three of the outriggers had been landed on the roof in this way without accident. In raising the fourth one, after it had been securely tied at the ends and had been raised as high as Sparks and Oppenheim could reach from the ground (about seven feet) and when, according to the evidence, it was in a perfectly horizontal position and swinging out about twenty-two inches from a plate-glass window in the building, the signal was given by Sparks to plaintiff and Vaughn to pull away on the ropes, one end of the outrigger shot through the window.

Sparks and Oppenheim both testified that the outrigger was in a perfectly horizontal position when they let go of it. Vaughn and plaintiff testified that when the signal was given to haul away, they pulled together evenly on the ropes in raising the outrigger. The day was a calm one and there is no cause assigned by the witnesses, or explanation given, as to the cause of the accident. Two persons who heard the crash of the glass when struck by the outrigger testified that they looked and saw one end of the outrigger on the sidewalk, but this is denied by the painters. Plaintiff quit work when the accident occurred.

It is admitted that $57.82 is a reasonable charge for replacing the broken glass with a whole one, and that defendant replaced it.

Defendant asked, but the court refused, the following declaration of law:

"If the court, sitting as a jury, believes and finds from the evidence that on the twenty-first day of May, 1901, the plaintiff was in the employ of the defendant as a journeyman painter, and further finds that on said twenty-first day of May the plaintiff with others in like employment was engaged in painting for the defendant a building known as No. 1008 Pine street, in the city of St. Louis, Missouri; and further finds that while so engaged, and while plaintiff and such others with him were raising a timber known as an 'outrigger' from the ground to the roof of said building, a glass window or transom in said building was broken by said outrigger striking the same, then the court declares the law to be that the mere breaking of the window affords reasonable evidence that it was broken by reason of the failure of the plaintiff and those working with him to exercise proper or ordinary care in raising said 'outrigger,' and the burden of proof is upon the plaintiff to establish to the satisfaction of the court, sitting as a jury, by a preponderance of evidence that the breaking of said window was not caused by his failure to exercise proper care in raising said 'outrigger.'

"By the term 'preponderance of evidence' as used in this instruction is meant evidence which in the judgment of the court sitting as a jury is entitled to greater weight in respect to its credibility."

The refusal to give this declaration of law is the only error assigned.

The general rule is that the mere fact of loss or injury occurring by the act or omission of another, does not raise the presumption of negligence on the part of either party. But this rule does not apply in circumstances where the occurrence would not have ordinarily happened if due care and diligence had been used by those who had the management of the instrumentality by which the occurrence was brought about. Och v. Railroad, 130 Mo. l. c. 52, and cases cited. This

exception to the rule is well stated in Scott v. London & St. Catherine Dock Co., 3 Hurl. & C. 596, in the following language: "There must be a reasonable evidence of negligence, but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

In Kaples v. Orth, 61 Wis. 531, plaintiff was sitting on a doorstep when the servant of defendant, an ice dealer, carrying a cake of ice, dropped it upon plaintiff. It was held that negligence might be inferred from the accident. To the same effect are Blanton v. Dold, 109 Mo. l. c. 74; Minster v. The Citizens' R'y Co., 53 Mo. App. (St. L.) 276; Hill v. Scott, 38 Mo. App. (St. L.) 370; Cummings v. National Furnace Co., 60 Wis. 603; Mulcairn's Admr., etc., v. Janesville, 67 Wis. 24; Carroll v. Railroad, 99 Wis. 99; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551.

In Mullen v. St. John et al., 57 N. Y. 567, it was held that negligence might be inferred from the falling of a house into the street, in the absence of explanatory circumstances, it being the duty of the owner to use due care to prevent the house from so falling. In Judson v. Giant Powder Co., 29 L. R. A. 718, it was held that negligence is prima facie presumed from the fact of the explosion of a nitroglycerine factory in the absence of evidence showing care on the part of the employees.

Numerous other authorities, both English and American, might be cited to support this doctrine but we deem it unnecessary as all the authorities, both English and American, without a respectable exception, support the doctrine announced in Scott v. London & St. Catherine Dock Co., supra. The application of the doctrine to a given state of facts and not the doctrine itself presents the principal difficulty in most of the

cases. According to the evidence of the four journey-men painters, the accident could not have happened. The day was a still one, the outrigger was not inter-fered with by any outside person or thing, and was, according to their testimony, in a perfectly horizontal position, twenty-two inches out from the window and the plaintiff and Vaughn were pulling the ropes at either end evenly together, yet the accident did happen. This physical fact disproves the evidence that the ropes were pulled evenly and together, as should have been done, after the outrigger had left the hands of Sparks and Oppenheim, and demonstrates beyond any reasonable doubt that either plaintiff or Vaughn failed to pull on his rope when the other pulled, or, which is more probable, gave his rope a sudden and violent jerk and in this way caused the end of the outrigger to swing in and strike the window. And it is clear from the happening of the accident that either plaintiff or Vaughn negligently handled the rope in his hands or that they both were negligent in this respect. But whether the accident was occasioned by the negligence of plaintiff alone, or Vaughn alone, or by the concur-ring negligence of both, does not appear from the evi-dence.

The declaration of law asked by the defendant de-clared that the happening of the accident was prima facie negligence on the part of both plaintiff and Vaughn. The law makes no such inference where the accident may have been the result of the wrong of the one, or the other, or both. If the accident was oc-casioned by the negligence of Vaughn alone then plain-tiff was guilty of no wrong and he can not be held liable for the wrong of his fellow-servant. If both had been guilty of negligence resulting in the accident, then plaintiff would have been liable, notwithstanding Vaughn was not joined with him as defendant in the counterclaim. Zulkee v. Wing, 20 Wis. 408; Schouler on Domestic Relations (5 Ed.), 478. The instruction was therefore erroneous in that it sought to hold the plaintiff liable, independent of the fact that he may

have been exercising due care at the happening of the accident and that the injury was caused by the sole negligence of Vaughn, his fellow-servant.

The judgment is affirmed. *Barclay* and *Goode,* *JJ.,* concur.