**SMITH, KLINE & FRENCH LABORATORIES v. INTERNATIONAL PHARMACEUTICAL LABS. et al.**

**SMITH, KLINE & FRENCH LABORATORIES v. JABERT PHARMACAL CO., Inc., et al.**

**Nos. 11188, 11404.**

United States District Court
E. D. New York.

July 12, 1951.

██

900

Klein & Hart, New York City (George J. Harding, Philadelphia, Pa., of counsel), for plaintiff.

Alfred Taffet, New York City (Howard R. Hirsch, Cleveland, Ohio, of counsel), for defendants International Pharmaceutical Labs., Arthur Yesk, and Eugene J. Yoss.

Strauss, Reich & Boyer, New York City (Howard R. Hirsch, Cleveland, Ohio, of counsel), for other defendants.

BYERS, District Judge.

These are motions by plaintiff to strike from the jury calendar these two causes which have been so listed pursuant to the demand of the respective defendants. The causes and issues are identical, and one memorandum will dispose of both.

The plaintiff seeks to enjoin the conduct of defendants in making and selling medicinal tablets of the same content, color and configuration as plaintiff's, and to have an accounting, by reason of the alleged unfair competition of the defendants. A preliminary injunction has already been granted, prior to the filing of an amended answer which asserts a counterclaim charging the plaintiff with violating the Sherman Law,

15 U.S.C.A. §§ 1–7, 15 note, and the Clayton Law, 15 U.S.C.A. § 12 et seq., by seeking unlawfully to perpetuate the monopoly of its patent rights which expired seemingly about September 27, 1949.

The language of some of the supporting allegations is somewhat lurid and wholly denunciatory, and more consonant with the canons of the cinema than Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that "A pleading * * * shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, * * *."

■ However, it is possible to gather that the defendants, by way of avoidance, wish to establish the unworthy nature of the plaintiff's conduct and activities according to the defendants' notions, and the courts are open to them for that purpose. It seems to be recognized that such issues are for a jury, as lately declared in Ring v. Spina, 2 Cir., 166 F.2d 546, but it does not follow that the defendants can thus compel the plaintiff to forego having a court decide the cause which it has proffered. Since the demand for a jury trial seems not to be in terms restricted to specific issues, the court may direct the procedural traffic so as to accomplish the orderly and reasonably prompt progress of the cause.

■ The disposition of the motion is as follows:

Pursuant to Rule 42(b) a separate trial of the counterclaim is deemed to be in furtherance of convenience, and is therefore ordered. The demand for jury trial will be restricted to the issues so presented.

The cause is to be listed also on the non-jury calendar, to be tried by the court as provided in Rule 38(b) prior to the trial of the issues presented in the counterclaim.

The final decree or judgment will be settled by the court on notice at a convenient time following the conclusion of the separate trials hereby ordered.

Settle order.