**KUHN v. YELLOW TRANSIT FREIGHT LINES, Inc.**

No. 8241(2).

United States District Court
E. D. Missouri, E. D.

Feb. 8, 1952.

1. 21 Minn.Stats.Ann. § 323.35.

254

14, Federal Rules of Civil Procedure, 28 U.S.C.A. Defendant also pleads a counterclaim against plaintiff for damage to defendant's vehicle, and asserts therein that the driver and owner of the third car may be brought in under Rule 13(h), as a party whose presence is required for the complete adjudication of the counterclaim.

The individuals whom defendant is now attempting to implead in this action are both members of the United States Army; one is stationed in Texas, the other in Germany. Defendant would get service under the Missouri non-resident Motor Vehicle Act. RSMo 1949, § 506.240 V.A.M.S. Should defendant be successful in including them in this action, the entire proceedings could on motion be stayed until sixty days after both such defendants are discharged from the armed forces, pursuant to the provisions of the Soldiers and Sailors Civil Relief Act, 50 U.S.C.A.Appendix, § 521.

■ Rule 14, Federal Rules of Civil Procedure, allows a defendant to file a third party complaint upon any person not a party to the action "who is or may be liable to him [defendant] for all or part of the plaintiff's claim against him." We think the Court has a discretion under this rule. Holstlaw v. Southern Ry. Co., D.C.Mo., 1949, 9 F.R.D. 276. Since granting of defendant's motion could delay plaintiff's action for an extended period, the Court should consider the purpose of the Rules in exercising its discretion. Rule 1, F.R.C.P.

■ Absent the impact of the discretionary element, the rule has no place in this case. The third parties sought here are but joint tort-feasors—the driver, and his principal, of one of the three vehicles involved. We ruled in the Holstlaw case, supra, that since state law required a joint judgment before allowing contribution among joint tort-feasors, the defendant, in that case, could not join as third party defendant one whom he alleges was a joint tort-feasor with him in the commission of the wrong. The law of Missouri forbids contribution among joint tort-feasors prior to a joint judgment. State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S.W.2d 127.

———◆———

Moser, Marsalek, Carpenter, Cleary & Carter and J. C. Jaeckel, St. Louis, Mo., for plaintiff.

Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., and Walther, Hecker, Walther & Barnard, St. Louis, Mo., for defendant.

HULEN, District Judge.

This action arises out of an automobile accident in Missouri, in which plaintiff was injured. Apparently three vehicles were involved. Plaintiff sued the operator of one. Defendant moves to bring into the action the driver and owner of the third vehicle.

Defendant's motion is based on two procedural rules. It seeks to bring in the driver and owner of the third car under Rule

We think the circumstances call for a like ruling in this case.

Defendant attempts to distinguish the Holstlaw case by an ingenious argument that he is not here seeking contribution from the third parties, but rather indemnification. This is not a case of indemnity. The cases cited by defendant in support of his position are distinguishable. Kilroy v. City of St. Louis, 242 Mo.Sup. 79, 145 S.W. 769, and Tomko v. City Bank Farmers Trust Co., D.C., 3 F.R.D. 31. Those cases involve incidents where the party sued was absolutely liable regardless of fault. In the Kilroy case the City was liable for injuries resulting from a defective sidewalk. The defendant City in such a case may look for indemnification to the third party whose active, primary negligence caused the injury. Such is not the case in the present action. In this case defendant incurs no liability unless it was at fault. If, as defendant asserts, the entire fault of the accident lies in the third party, and defendant proves this at the trial, the verdict will be in its favor. If defendant is in any way at fault, it is liable for all of plaintiff's injuries. Therefore any effort to bring in the third party is an attempt to secure contribution of a joint tort-feasor not allowable under Missouri law. Defendant cites the case of Arsht v. Hatton, D.C., 72 F.Supp. 851. It is quite similar to the factual situation at bar. In that case the District Court permitted a third party petition under Rule 14, and thereby allowed the defendant to bring in the third party involved in the collision. But in that case the accident occurred in Pennsylvania, where the state law authorizes recovery of contribution by one joint tort-feasor from another in cases involving negligence. Goldman v. Mitchell Fletcher Co., 292 Pa. 354, 141 A. 231.

Rule 13(h), Federal Rules of Civil Procedure, states: *"Additional Parties May Be Brought in.* When the presence of parties other than those to the original action is *required* for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action." (Emphasis added.)

Defendant claims that the presence of the third party, who was involved in the accident, is required in order that complete relief may be accorded on defendant's counterclaim for property damage. The counterclaim alleges the driver of plaintiff's automobile and the third party defendant driver were concurrently negligent in causing the collision.

The portion of Rule 13 relied on pertains to compulsory counterclaims. The request to bring in additional parties under this provision goes as of right when the requirements of the rule are met. No discretion is involved, as under Rule 14.

Decision on the applicability of this rule must turn on the character of the parties sought to be joined. The rule declares those parties whose presence is "required" for the granting of complete relief on the counterclaim shall be brought in. What meaning shall be given to the word "required"? Use of that particular word indicates its use as synonymous with "indispensable" parties. The three general classes of parties to any action were defined in Division 525, Order of Ry. Conductors of America v. Gorman, 8th Cir., 133 F.2d 273, 276: "'Proper' or 'formal' parties include those who are not interested in the controversy between the immediate litigants but have an interest in the subject matter which may be conveniently settled in the suit. 'Necessary parties' are those who have an interest in the subject matter and who are within the jurisdiction of the court, but who are not so indispensable to the relief asked as would prevent the court from entering a decree in their absence. 'Indispensable' parties are those whose interests are so bound up in the subject matter of litigation and the relief sought that the court cannot proceed without them, or proceed to a final judgment without affecting their interests."

We conclude that "indispensable" parties are the only class whose presence is "required" in order to grant complete relief in this case. In the Gorman case the Court states in no uncertain language that

an adjudication can be reached without the presence of mere "necessary" parties, and certainly without "proper" parties.

Is the third party sought to be impleaded an indispensable party to defendant's counterclaim? The counterclaim alleges joint and concurrent negligence on the part of two drivers, one of which is a party sought to be impleaded, the other is plaintiff. The role of the third parties in this case would be nothing more than that of joint tort-feasors. A joint tort-feasor, not made a party, is not an indispensable party to an action against one or more of the tort-feasors in Missouri. The injured party may sue singly or jointly each individual tort-feasor whose negligence contributed to the injury, and secure judgment for the whole of his damages caused by the joint acts of the joint tort-feasors. Blasinay v. Albert Wenzlick Real Estate Co., 235 Mo.App. 526, 138 S.W.2d 721; Mitchell v. Brown, Mo.App., 190 S.W. 354; Raney v. La Chance, 96 Mo.App. 479, 70 S.W. 376. The third parties involved in the occurrence that gave rise to this case are not "indispensable" or "required" parties to defendant's counterclaim.

The third parties, as joint tort-feasors, would be proper or necessary parties defendant to such counterclaim. In that case, however, their presence in the action can be ordered only at the discretion of the Court, under Rules 20 and 21. Our discretion should be exercised in opposition to the motion in view of the unreasonable delay likely to be precipitated by such joinder.