**EDWARDS   v.   ROGERS et al.**
Civ. A. No. 3303.

United States District Court,
E. D. South Carolina.
Florence Division.
March 27, 1954.

Hope, Willcox & Cabaniss, Charleston, S. C., Willcox, Hardee, Houck & Palmer, Florence, S. C., for plaintiff.

Robert McC. Figg, Jr., Charleston, S. C., J. A. Spruill, Jr., Cheraw, S. C., P. H. McEachin, Florence, S. C., for defendants.

WILLIAMS, District Judge.

The summons and complaint in this action were filed on August 9, 1952. The defendants R. S. Rogers, Jr. and Margaret Rogers filed their answer to the complaint on September 3, 1952. On December 6, 1952 the plaintiff amended the complaint in order to make the defendant Bobbie Rogers as well as the defendant automobile parties to the suit. R. S. Rogers, Jr., as guardian ad litem for R. S. Rogers III (designated as Bobbie Rogers) filed an answer to the amended complaint and set up a counterclaim against the plaintiff Stanley N. Edwards,

demanding damages in the sum of $50,-000. The defendant R. S. Rogers, Jr. also answered and filed a counterclaim for medical and hospital expenses in the sum of $10,000. The defendant Margaret Rogers also answered and set up a counterclaim against plaintiff in the sum of $5,000 for damages to her automobile. The aforesaid answers and counterclaims were filed on January 6, 1953. On January 19, 1954, the defendants filed a motion to be allowed to amend their counterclaim so as to interplead the Prudential Insurance Company of America, a corporation, by alleging that the plaintiff at the time of the accident was an agent of the Prudential Insurance Company of America and at such time was acting within the scope of his authority in and about the business of the Prudential Insurance Company; that the Prudential Insurance Company is liable for the damages sustained by the defendants as alleged in their counterclaims jointly with the plaintiff; that the counterclaims should be so amended that the Prudential Insurance Company of America be made a party to this action to respond to such counterclaims of defendants, R. S. Rogers, Margaret Rogers and Bobbie Rogers. This motion was based upon the affidavit of R. S. Rogers, Jr. The pertinent portion of the affidavit of R. S. Rogers, Jr., is as follows:

"* * * that deponent [R. S. Rogers, Jr.] visited Mr. Edwards for the general purpose of inquiring as to the extent of his injuries, to ascertain how he was getting along, and to be of any assistance to him that he could; that while visiting with Mr. Edwards, deponent had a very pleasant talk with him which continued over a period of approximately thirty minutes; that during the course of this conversation, Mr. Stanley N. Edwards told deponent that he was an agent of the Prudential Insurance Company of America and at the time of the accident the Company was sending him from Norfolk, Virginia, to Atlanta, Geor-

gia, for the purpose of an agency meeting in Atlanta, and then on to a new location in Tennessee where he was to conduct the Company's business; that on the occasion of this visit the Plaintiff gave deponent a card which is inscribed 'Stanley N. Edwards, Agent' in the center of the card, in the lower left hand corner '148 West Bute Street, Norfolk, 10, Virginia', and in the lower right hand corner 'The Prudential Insurance Company of America' * * *.'"

There are three questions to be considered:

1. Is the Prudential Insurance Company of America a necessary party to this action?

2. Is the affidavit upon which the motion is based sufficient to justify the court in considering the motion to interplead the Prudential Insurance Company of America?

3. Was the motion timely made?

■ The defendants' attorney seriously contends that the Prudential Insurance Company of America should be made a party defendant under Rule 13 (h), Fed.Rules Civ.Proc. 28 U.S.C.A. I cannot agree with this position. Rule 13(h) provides as follows:

"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counter-claim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

This rule was discussed in the case of Kuhn v. Yellow Transit Freight Lines, D.C., 12 F.R.D. 252, at page 255. The court said:

"Decision on the applicability of this rule must turn on the character of the parties sought to be joined. The rule declares those parties whose presence is 'required' for the

granting of complete relief on the counterclaim shall be brought in. What meaning shall be given to the word 'required'? Use of that particular word indicates its use as synonymous with 'indispensable' parties. The three general classes of parties to any action were defined in Division 525, Order of Ry. Conductors of America v. Gorman, 8 Cir., 133 F.2d 273, 276: ' "Proper" or "formal" parties include those who are not interested in the controversy between the immediate litigants but have an interest in the subject matter which may be conveniently settled in the suit. "Necessary parties" are those who have an interest in the subject matter and who are within the jurisdiction of the court, but who are not so indispensable to the relief asked as would prevent the court from entering a decree in their absence. "Indispensable" parties are those whose interests are so bound up in the subject matter of litigation and the relief sought that the court cannot proceed without them, or proceed to a final judgment without affecting their interests.'

"We conclude that 'indispensable' parties are the only class whose presence is 'required' in order to grant complete relief in this case. In the Gorman case the Court states in no uncertain language that an adjudication can be reached without the presence of mere 'necessary' parties, and certainly without 'proper' parties.

"Is the third party sought to be impleaded an indispensable party to defendant's counterclaim? The counterclaim alleges joint and concurrent negligence on the part of two drivers, one of which is a party sought to be impleaded, the other is plaintiff. The role of the third parties in this case would be nothing more than that of joint tort-feasors. A joint tort-feasor, not made a party, is not an indispensable party to

an action against one or more of the tort-feasors in Missouri. The injured party may sue singly or jointly each individual tort-feasor whose negligence contributed to the injury, and secure judgment for the whole of his damages caused by the joint acts of the joint tort-feasors. Blasinay v. Albert Wenzlick Real Estate Co., 235 Mo.App. 526, 138 S.W.2d 721; Mitchell v. Brown, Mo. App., 190 S.W. 354; Raney v. Lachance, 96 Mo.App. 479, 70 S.W. 376. The third parties involved in the occurrence that gave rise to this case are not 'indispensable' or 'required' parties to defendant's counterclaim."

The only rule that would permit the granting of the motion to interplead the Prudential Insurance Company of America is Rule 19(b), 28 U.S.C.A. which is as follows:

"When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

█ It clearly appears that the court has not discretion if the parties who are sought to be made defendants come within this rule, for the rule states, "the court shall order them summoned to appear in the action." The question, therefore, to be determined first is whether the Prudential Insurance Company of America is a necessary party and therefore comes within Rule 19(b), 28 U.S.C.A.

█ I think the general rule may be stated that where there has been a series of wrongful acts which are alleged as steps in carrying out the tort, and there are other parties who are joint tort-feasors, the other joint tort-feasors ought to be brought in as parties defendant so that there may be a complete adjudication in one action. By doing that the entire matter may be disposed of in one action instead of several. There seems to be no question that this is the purpose of Rule 19(b).

█ Under Rule 13(h) indispensable parties only may be brought in. Under Rule 19(b) necessary parties ought to be brought in. In fact, the court has no discretion in refusing to bring necessary parties into the action. Necessary parties are those whose presence may be necessary in order to adjudicate the controversy but whose interests are so far separable that the court can proceed to final judgment without adversely affecting them.

█ Necessary parties ought to be parties to the action and it is the duty of the court to order them summoned to appear. Even if necessary parties must be brought in under Rule 19(b), we must determine whether there has been a showing that the Prudential Insurance Company of America is a necessary party. There seems to be little question that tort-feasors who are jointly and severally liable are considered necessary parties, and they should be brought in if they "are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it".

The question to be determined, therefore, is whether there has been sufficient

showing that the Prudential Insurance Company of America is a necessary party and ought to be brought into this action as a party defendant.

I think it is quite clear that the affidavit of R. S. Rogers upon which the motion is based is not sufficient to justify making the Prudential Insurance Company of America a party defendant. The only thing I have before me is an affidavit by the defendant R. S. Rogers, Jr. that he discussed the matter with the plaintiff Stanley N. Edwards and that Mr. Edwards admitted that he was an agent of the Prudential Insurance Company of America.

It is well settled that statements made by an agent concerning the existence or extent of his authority as an agent is not admissible to prove agency or to prove the extent of agency unless there is other evidence which shows that the making of a statement with reference to agency was within the authority of the agent or, as to persons dealing with the agent, within the apparent authority or other power of the agent.

When the term "agent" is used in connection with an insurance company it should and must be considered in the broad sense of the word, because it is well known that the term "agent" is the title given to all persons who solicit business or perform other functions in connection with the insurance business. In determining the liability of an insurance company as principal, therefore, for the acts of its agent it is necessary to first determine whether the insurance agent is an independent agent or contractor for whose torts the insurance company is not liable or whether he sustains the relation of a servant to the company which would render the company responsible for his torts.

The courts in many cases have adopted a terminology which distinguishes between agents and servants, while in some other cases the courts draw the line between agents and independent contractors in determining the liability of the insurance company for the acts of representatives or employees. The courts seem to agree, however, that the dividing line between the existence of liability and immunity therefrom ordinarily lies in the right of the employer to control the acts of the agent at the time the tort is committed.

116 A.L.R. 1395 has this to say:

"Where a traveling inspector of an insurance company's agencies was instructed to report in a town other than that where his headquarters were, and, while using his automobile to make the journey, collided with plaintiff's automobile, it was held, in Kennedy v. American Nat. Ins. Co., 1937, 130 Tex. 155, 107 S.W.2d 364, 112 A.L.R. 916, affirming, Tex.Civ.App., 1937, 101 S.W.2d 825, that the insurance company was not liable for the injury, it not having been proved that the company knew that plaintiff owned an automobile, that he was authorized to use one, or that the inherent nature of the position required the use of the automobile."

If we apply the above test to the instant case, there has been no showing made to the court that Stanley N. Edwards was such an agent as would make the Prudential Insurance Company of America liable for his torts. The bare statement that Mr. Edwards admitted that he was an agent of the insurance company is not sufficient. It must be shown that the plaintiff was the servant and not merely an agent of the company, and facts must be presented which would convince the court that the Prudential Insurance Company of America was responsible for the acts of the agent or servant.

The plaintiff earnestly urges that the motion was not timely made. It appears that the conversation between R. S. Rogers, Jr. and the plaintiff Stanley N. Edwards took place on or about July 30, 1952. If I am correct in the position that I have taken, that Rule 19(b) makes it mandatory for me to bring in necessary parties, I seriously doubt whether the making of the motion at this time

504

can be considered as not having been timely made. It is not necessary to decide this point because the motion must be refused to interplead the Prudential Insurance Company of America on the ground that there has been no showing that the plaintiff Stanley N. Edwards was such an agent of the Prudential Insurance Company of America that would make the Prudential Insurance Company liable in this case.

It is admitted by the plaintiff that the defendants have a right to bring an independent action against the Prudential Insurance Company of America. If this independent action had been brought and a motion was made to consolidate the trial of the cases the court would give it serious consideration.

For the reasons stated herein the motion to amend by interpleading the Prudential Insurance Company of America is denied.