The **VALUE LINE FUND**, Inc., The Value Line Income Fund, Inc., and The Value Line Special Situations Fund, Inc., Plaintiffs,

v.

Hyman **MARCUS** and Van Alstyne, Noel & Co., a Copartnership, composed of David Van Alstyne, Jr., John E. Arrowsmith, Harold K. Young, F. Donald Arrowsmith, James A. Russell, William H. McElnea, Jr., General Partners, and Hyman Marcus, Limited Partner, Defendants.

United States District Court
S. D. New York.
Jan. 8, 1958.

534

Ehrich, Stock, Valicenti, Leighton & Holland, New York City, for plaintiffs, Albert D. Jordan, New York City, of counsel (Joel Field, New York City, on the brief).

Cahill, Gordon, Reindel & Ohl, New York City, for defendant Hyman Marcus, Thomas C. Mason, Thomas W. Hill, Jr., New York City, of counsel.

HERLANDS, District Judge.

Plaintiffs seek rescission, restitution and damages under common law and under the Securities Act of 1933 [15 U.S.C.A. section 77a et seq.], with respect to a $3,247,000 purchase by plaintiffs of 191,000 shares of the common stock of United States Hoffman Machinery Corporation (called "Hoffman" herein) from the defendant Marcus, through the defendant Van Alstyne, Noel & Co. The sale was negotiated in behalf of the plaintiffs by Arnold Bernhard, president of plaintiffs, and Arnold Bernhard & Co., Inc., plaintiffs' investment manager and adviser.

Plaintiffs allege *inter alia* that, during certain negotiations between defendant Marcus and plaintiffs' representatives, "Marcus made, or caused to be made, to plaintiffs * * * deceptive, misleading, erroneous, and untrue statements concerning the value and condition of the assets, liabilities, affairs, business and earnings of Hoffman, intending and well knowing that plaintiffs would consider the same material to any decision with respect to the purchase of the common stock of Hoffman and would rely thereon * * *" (amended complaint, paragraph 8). Plaintiffs further allege that Marcus "purported to disclose to the plaintiffs the full truth concerning the business and affairs of Hoffman," but at no time informed plaintiffs of certain facts that he should have disclosed (amended complaint, paragraph 9).

The answer denies the material allegations of the amended complaint, except for the specific purchase transaction. The answer sets up three affirmative defenses: insufficiency of the amended complaint, laches, and accord and satisfaction. The answer also contains two counterclaims against plaintiffs and against Arnold Bernhard & Co., Inc., Arnold Bernhard and Value Line Fund Distributors, Inc. The counterclaims (demanding $2,000,000 damages) are based upon allegedly defamatory statements appearing in a letter written and published by Arnold Bernhard on July 12, 1957 and certain oral statements made and published by Bernhard on or about March 29, 1957. Plaintiffs have filed a reply to the counterclaims.

Two motions are before the Court:

(1) a motion by defendant Marcus, pursuant to F.R.C.P. rule 13(h), 28 U.S.C.A., to bring in Value Line Fund Distributors, Inc. and Arnold Bernhard as additional parties defendant to the counterclaims of defendant Marcus. This motion does not purport to cover Arnold Bernhard & Co., Inc., apparently in order to preserve diversity jurisdiction.

(2) a cross-motion by plaintiffs, pursuant to F.R.C.P., rule 42(b), for a separate trial of defendant Marcus's counterclaims.

Both motions. are hereby granted, for the reasons expressed in this opinion.

## I

Rule 13(h) pertinently provides: "When the presence of parties other than those to the original action *is required for the granting of complete relief in the determination of a counterclaim* or cross-claim, the court shall order them to be brought in as defendants * *." (Emphasis supplied.) The issue raised by this motion is whether the two additional parties whom the defendant Marcus is attempting to join are "required for the granting of complete relief" in the determination of the counterclaim.

Much of the argument concerning this issue has revolved around the distinctions between, and the definitions of "indispensable" and "necessary" parties, notwithstanding that rule 13(h) neither mentions nor refers to such parties.

The distinction between these party-concepts is important for purposes of Rule 19, "Necessary Joinder of Parties." Under Rule 19, it is clear that joint tortfeasors are neither indispensable nor necessary in an action against one of their number because they are jointly and severally liable. See 3 Moore, Federal Practice, para. 19.07 and cases cited therein. These party-concepts are in-

applicable to Rule 13(h). The objectives of Rule 19 differ from those of Rule 13. Rule 19 contemplates situations where certain persons, not presently before the court, must be made parties in order for the court to grant any relief [Rule 19 (a)]; or, if "not indispensable," certain persons "ought to be" made parties "if complete relief is to be accorded between those already parties" [Rule 19(b)].

■ Rule 13, on the other hand, involves the different concepts of counterclaims and cross-claims. The objective of Rule 13 is to compel certain counterclaims ["Compulsory Counterclaims," Rule 13(a)] and encourage other types of counterclaims ["Permissive Counterclaims," Rule 13(b)]. In furtherance of the Rule 13 objective of encouraging all disputes between the parties to be settled in a single lawsuit, Rule 13(h) allows additional parties to be brought in in order to accomplish a complete determination of the counterclaim. Analytically, it would be unsound to engraft the objectives and language of Rule 19 on Rule 13.

■■ The condition of Rule 13(h) —that the additional party be "required for the granting of complete relief in the determination of a counterclaim"— should be construed liberally. "Required" need not mean only "indispensable" or "necessary." "Required" may properly be interpreted, in the context of Rule 13(h), to mean "appropriate" or "interested." That interpretation accords with the basic canon of construction of the Federal Rules of Civil Procedure, Rule 1: "They [the rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."

The result reached herein is supported by the authorities.

While a minority of the cases takes the view that a "required" party is synonymous with an "indispensable" party (Kuhn v. Yellow Transit Freight Lines, Inc., D.C.E.D.Mo.1952, 12 F.R.D. 252; Edwards v. Rogers, D.C.E.D.S.C.1954, 120 F.Supp. 499), that view has been expressly rejected by the Court of Appeals for this Circuit. United Artists Corporation v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213.

In the United Artists case, Chief Judge Clark stated (221 F.2d at page 217) that Rule 13(h) authorized the "joinder of all necessary parties," and declared: "A liberal attitude toward the inclusion of parties is a necessary concomitant to the liberalized third-party practice authorized by the Federal Rules of Civil Procedure." The Court of Appeals did not hold that Rule 13(h) applies only to "necessary" and "indispensable" parties.

■ Furthermore, other decisions clearly support the view that joint tortfeasors or those jointly and severally liable may be added as parties pursuant to Rule 13(h). United States v. Dovolis, D.C.D.Minn.1952, 105 F.Supp. 914; Pierce Consulting Engineering Co. v. City of Burlington, Vt., D.C.D.Vt.1953, 15 F.R.D. 23 [jointly and severally liable on a contract]; General Casualty Co. of America v. Fedoff, D.C.S.D.N.Y.1951, 11 F.R.D. 177 [joint tortfeasors]; Ronson Patents Corp. v. Sparklets Devices, Inc., D.C.E.D.Mo.1951, 102 F.Supp. 123 [joint tortfeasors]; Lesnik v. Public Industrials Corporation, D.C.S.D.N.Y.1943, 51 F.Supp. 989 [joint tortfeasors]. The first three decisions were cited with approval in the United Artists case, supra.

■ The bringing in of Value Line Fund Distributors, Inc. and Arnold Bernhard as additional parties defendant to the Marcus counterclaims is "required" to give defendant Marcus complete relief on the counterclaims. Bernhard is the very person who is alleged to have uttered and published the defamatory items on behalf of all of the plaintiffs. Accordingly, the motion by defendant Marcus is granted.

II

■■ Rule 42(b) relevantly provides: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any * * *

counterclaim * * *." This rule empowers the court to sever those issues which, if tried with the main issues, would lead to confusion, delay, additional expense, or undue prejudice. In exercising its extensive discretion, the Court must balance these adverse factors against considerations of the convenience, economy, and speed of a single trial. See Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 1939, 106 F.2d 83, 85. This calls for close individual analysis of the factual and legal features of each case, and a pragmatic evaluation of the arguments pro and con on the issue of severance. There is no rule of thumb that fits all cases. See, e.g., Smith, Kline & French Laboratories v. International Pharmaceutical Laboratories, D.C.E.D.N.Y.1951, 98 F.Supp. 899 [granted separate jury trial of counterclaims]; Grissom v. Union Pac. R. Co., D.C.D.Colo.1953, 14 F.R.D. 263 [denied separate trial of affirmative defense of release]; Container Co. v. Carpenter Container Corporation, D.C.D.Del.1949, 9 F.R.D. 89 [granted separate trial of counterclaim].

Perhaps closest in point is Martin v. Wyeth, Inc., D.C.D.Md.1951, 96 F.Supp. 689, affirmed 4 Cir., 1951, 193 F.2d 58, where plaintiff sued to recover for patent infringement, breach of confidential relationship, and infringement of trademark, and defendant filed a counterclaim for damages based upon plaintiff's publication and distribution of a libelous circular. The District Judge first tried the patent case and set the counterclaim down for a separate trial, saying (96 F. Supp. at pages 697–698):

> "The subject matter presents questions of law which are so different from and unrelated to those involved in the patent case that it seemed to me inadvisable to possibly tend to blunt the sharp focus of attention on the dominant question by contemporaneous consideration of such a different subject matter."

 A relevant factor in the present case is the possible prejudice to plaintiffs if the cases are tried together. Evidence relating to the alleged defamation will tend to becloud the issues in the rescission case. Moreover, the latter case will be tried without a jury, while the former calls for a jury trial.

On the other hand, defendants argue that the factual questions are the same in both cases. In elaboration of that basic position, defendants claim that the truth or falsity of the statements made by defendant Marcus during the negotiations is a factual issue common to both cases; that the sole connection between Bernhard and Marcus was in relation to these negotiations; and that, if Marcus's representations were truthful, plaintiffs cannot rescind and, at the same time, Marcus will prevail on his counterclaim.

In making the foregoing arguments, defendants have erroneously oversimplified the fundamentally different character of the two cases, for it is indisputable that the issues of fact and law raised in the rescission case are basically distinguishable from those presented by the counterclaim charging libel and slander.

For example, in the rescission case, the Court must determine *inter alia* what representations were affirmatively made by Marcus; whether they were or tended to be misleading (not necessarily whether they were true or false); what qualifying facts were withheld; what were the actual material and relevant facts; the materiality of the facts stated or concealed; and whether (in fact and in law) there was reasonable reliance by plaintiffs upon the statements charged to Marcus. In addition, the Court must consider the defendants' three affirmative defenses (sufficiency of the complaint, laches, and accord and satisfaction) and the issues of fact and law stemming from these three different defenses.

Sharply different are the issues raised by the libel and slander counterclaim. Plaintiffs claim that the alleged slander related to an entirely separate transac-

tion, i.e., the promise of Marcus to buy stock in Value Line Fund Inc., a deal which was never consummated. The libel and slander case involves *inter alia* the defenses of qualified and absolute privilege; an issue as to the extent of publication of these so-called defamatory remarks; the defense that the statements were nothing other than opinion and fair comment; the factual and legal defense that Bernhard did not have the authority to utter the allegedly defamatory statements in behalf of any of the plaintiffs.

Furthermore, the statements in the allegedly libelous letter are claimed to be statements regarding Marcus's management of Hoffman *after* the sale of the shares and, therefore, in no way related to statements or representations made by Marcus in connection with the sale. Plaintiffs also point out that the allegedly defamatory statements were made nine months to a year after the sale of the shares to plaintiffs. While the statements of Marcus may possibly be innocent and literally true, they might— if misleading—support a decision in favor of plaintiffs allowing rescission but not constitute a defense in favor of plaintiffs on the counterclaim.

There is basis for the argument that the truth of the allegedly slanderous statements might be a defense and that proof of such defense might well cover many of the facts involved in the recission action. However, that argument is inapplicable to the allegedly libelous letter. In view of the circumstances that all of the other defenses present dissimilar issues, it would be extremely confusing to try both cases together. The similarity of the one possible issue already noted does not outweigh the other considerations that militate against a joint trial.

Accordingly, the Court grants plaintiffs' motion for a severance of the counterclaim for purposes of trial.

Settle orders on notice.