**ELECTRONIC DETECTION PRODUCTS, INC.**

v.

**Reynold S. CHAPIN, Chapin Electronics, Inc., and Electro-Security Corporation.**

Civ. A. No. 59-526-J.

United States District Court
D. Massachusetts.

Dec. 31, 1959.

**122**

John F. Groden, John M. Reed, Joseph Weingarten, Boston, Mass., for plaintiff.

Robert B. Russell, Porter, Chittick & Russell, Boston, Mass., for defendants.

JULIAN, District Judge.

This is a motion by defendants under Rule 19(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to add as parties plaintiff a Massachusetts business corporation and three individuals. The action is one for declaratory judgment to determine the validity of a patent issued to the defendant, Reynold S. Chapin. The defendants have counterclaimed for damages alleging, among other things, infringement of the patent by the plaintiff and by the Massachusetts business corporation and the three individuals sought to be joined. The defendants contend in their brief that there exists "a complex maze of personal and intercorporate dealings" designed to cast upon the plaintiff corporation alone, alleged in the counterclaim to be "hopelessly insolvent," all liability for infringement incurred by the parties sought to be joined. The defendants' allegations, however, do not state any claim against either John E. Lawrence or Forrester A. Clark.

Therefore, with respect to Lawrence and Clark defendants' motion is denied.

■■ Counsel for the plaintiff contended in his brief and at the hearing that the defendants' motion was more properly laid under Rule 13(h) and that Rule 13(h) permitted joinder of "necessary" parties only. See Kuhn v. Yellow Transit Freight Lines, D.C.E.D.Mo., 12 F.R.D. 252; Edwards v. Rogers, D.C.E.D.S.C., 120 F.Supp. 499. We agree that Rule 13(h) is the applicable rule, and the motion will be treated as if based on that rule. We hold that the word "required" in Rule 13(h) does not limit joinder to "indispensable" or "necessary" parties, but includes parties whose presence would enable the court to grant complete relief to the defendants in the determination of the counterclaim. See Value Line Fund, Inc. v. Marcus, D.C.S.D.N.Y., 161 F.Supp. 533; S. P. A. Ricordi Officine Grafiche v. World Art Reproductions, Inc., D.C.S.D.N.Y. 22 F.R.D. 312. Cf. United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213. Barron & Holtzoff, section 399; Moore, section 19.14(2). Accordingly, it is ordered that Donald F. Cutler, Jr., and Bay State Electronics Corporation be brought in as defendants to the counterclaim.