440 P.2d 342

**William WARREN, Plaintiff-Respondent,**

v.

**Roy HALL, Defendant, Counterclaimant, and Third-Party Plaintiff-Appellant,**

v.

**HAWAIIAN SUPPER CLUB CORPORATION, Third-Party Defendant-Respondent,**

and

**Lamont Bair, Reva Craig and William Craig, Third-Party Defendants.**

No. 9885.

Supreme Court of Idaho.

May 1, 1968.

John B. Kugler, Pocatello, for appellant.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for plaintiff-respondent.

Maguire & Kisling, Pocatello, for third-party defendant-respondent, and third-party defendants.

TAYLOR, Justice.

Plaintiff (respondent) William Warren brought this action for damages resulting from an alleged assault and battery committed upon him by defendant (appellant) Roy Hall. Warren alleged that on July 14, 1964, in the Key Club in Idaho Falls, defendant Hall assaulted and committed battery upon him, and prayed judgment for damages totaling $23,800. Hall answered the complaint and filed a counterclaim against Warren alleging that on the occasion complained of Warren committed an assault and battery upon Hall, and claimed damages arising therefrom. Hall also alleged in his counterclaim that the Key Club where the fracas occurred was owned and controlled, at the time, by the Hawaiian Supper Club Corporation, and that the licensees and managers of the Key Club were Lamont Bair, Reva Craig and William Craig; that on the evening of July 14, 1964, he (Hall) was a patron of the Key Club, at which time Warren was present, and counterdefendant William Craig was acting as manager and bartender; that Lamont Bair, Reva Craig and William Craig had a joint interest in the Key Club and were agents and servants of the Hawaiian Supper Club Corporation; that on the occasion referred to, William Craig served intoxicating beverages to defendant Warren, and Warren became obstreperous, profane, belligerent and prone to violent action; that Warren started a fight and battered crossclaimant Hall; that William Craig failed to aid or attempt to aid counterclaimant while he was being assaulted by Warren; and that William Craig without provocation or excuse struck counterclaimant Hall on the head with a stick with such great force and violence as to render him unconscious. Counterclaimant

Hall prayed damages against the plaintiff and the other defendants named in the counterclaim in the total amount of $25,-150.

On motion of defendants Lamont Bair, Reva Craig, William Craig and the Hawaiian Supper Club Corporation the counterclaim against them was dismissed by order of the trial court. The court also denied counterclaimant's motion to add the same defendants to his counterclaim under IRCP rule 13(h). Counterclaimant Hall brought this appeal from those orders.

■ For the purpose of this appeal we assume that the allegations of the counterclaim are true, and the pleading and all intendments and inferences reasonably to be drawn therefrom are to be viewed in the light most favorable to the counterclaimant. Walenta v. Mark Means Co., 87 Idaho 543, 394 P.2d 329 (1964).

■ The counterclaim alleges that Warren and William Craig each committed assault and battery upon the counterclaimant at approximately the same time and place. It is not alleged whether they acted in concert, but the inference to be drawn from the allegation is that they did and, therefore, were joint tort-feasors and, as such, jointly and severally liable. Russell v. City of Idaho Falls, 78 Idaho 466, 305 P.2d 740 (1956); Lorang v. Hays, 69 Idaho 440, 209 P.2d 733 (1949); cf. Husky Refining Co. v. Barnes, 9 Cir., 119 F.2d 715, 134 A.L.R. 1221 (1941).

■ The allegations against Lamont Bair, Reva Craig and the Hawaiian Supper Club Corporation apparently are intended to hold them liable on the theory of respondeat superior. In which case, if the evidence should be sufficient, a liability for general damages may arise. Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, 194 P.2d 281 (1948); Friday v. United States, 239 F.2d 701 (9th Cir.1957); cf. Hansen v. Blevins, 84 Idaho 49, 367 P. 2d 758 (1962).

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * *" IRCP rule 29(a).

Hall's claim against these defendants arises out of the same transaction, or occurrence, which is the basis of his claim against plaintiff Warren: also, common questions of law or fact appear to be involved.

■■ IRCP rule 13(h) provides:

"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained."

The federal rule 13(h), which was adopted as our IRCP rule 13(h), was revised in 1966 for purposes of clarity and certainty and now provides as follows:

"Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

IRCP rules 19 and 20 provide for necessary and permissive joinder. It is not necessary to determine here whether the joinder sought is necessary. It is sufficient that the pleading establishes a permissive joinder under rule 20(a). The joinder should have been permitted by the trial court. Aerojet-General Corp. v. Aero-jet Products Corp., 33 F.R.D. 357 (D.C.Ohio. 1963); Electronic Detection Products, Inc. v. Chapin, 26 F.R.D. 121 (D.C.Mass.1959); Value Line Fund v. Marcus, 161 F.Supp. 533 (D.C.N.Y.1958); Lesnik v. Public Industrial Corporation, 144 F.2d 968 (2nd Cir.1944). These authorities support the proposition that rule 13(h) should be construed to permit the joinder of all parties whose presence would enable the court to

grant complete relief in the determination of the counterclaim, whether such parties be "necessary" or merely "interested" or "appropriate" parties, and thus to avoid a multiplicity of actions.

The orders appealed from are reversed and the cause is remanded for further proceedings.

Costs to appellant.

SMITH, C. J., and McQUADE, Mc-FADDEN and SPEAR, JJ., concur.