**HAITIAN CENTERS COUNCIL, INC.,** National Coalition for Haitian Refugees, Inc., Immigration Law Clinic of the Jerome N. Frank Legal Services Organization, of New Haven Connecticut; Dr. Frantz Guerrier, Pascal Henry, Lauriton Guneau, Medilieu Sorel St. Fleur, Dieu Renel, Milot Baptiste, Jean Doe, and Roges Noel on Behalf of Themselves and All Others Similarly Situated; A. Iris Vilnor on Behalf of Herself and All Others Similarly Situated; Mireille Berger, Yvrose Pierre and Mathieu Noel on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

Gene McNARY, Commissioner, Immigration and Naturalization Service, William P. Barr, Attorney General; Immigration and Naturalization Service; James Baker, III, Secretary of State; Rear Admiral Robert Kramek and Admiral Kime, Commandants, United States Coast Guard; and Commander, U.S. Naval Base, Guantanamo Bay, Defendants.

No. 92 CV 1258 (SJ).

United States District Court, E.D. New York.

Nov. 12, 1992.

**192**

Simpson Thacher & Bartlett by Joseph F. Tringali, New York City, for plaintiffs.

Lauri Steven Filppu, David J. Kline, Charles E. Pazar, U.S. Dept. of Justice, Civil Div., Washington, D.C., Scott Dunn, Sp. Asst. to U.S. Atty. Andrew J. Maloney, E.D.N.Y., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

### BACKGROUND

The Court assumes familiarity with the factual background of this action. On September 22, 1992, the parties appeared for a pretrial conference. Plaintiffs made an oral application for a bifurated trial pursuant to Fed.R.Civ.P. 42(b). The Court directed the parties to submit a letter brief addressing this issue. Upon review of the parties submissions and the facts of this case, the Court grants Plaintiffs' Motion for Bifurcation for the reasons set forth below.

### ANALYSIS

■ Fed.R.Civ.P. 42(b) provides the following:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment of the Constitution

1. The Government estimates that there are approximately 300 Haitians currently being detained on Guantanamo.

or as given by a statute of the United States.

On a motion for a bifurcated trial, the moving party has the "the burden of showing that this is necessary to prevent prejudice or confusion, and to serve the ends of justice." *Buscemi v. Pepsico, Inc.*, 736 F.Supp. 1267, 1271 (S.D.N.Y.1990). The decision whether to bifurcate rests within the sound discretion of the trial court judge. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir.1990); *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir.) *cert. denied. sub nom.*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). The court must conduct an individual analysis of the factual and legal issues of the case. *Value Line Fund v. Marcus*, 161 F.Supp. 533, 536–7 (S.D.N.Y.1958). Bifurcation may be appropriate where the legal claims demand different types of evidence. *Katsaros v. Cody*, 744 F.2d at 278.

■ Plaintiffs assert that a trial on the merits of this action may be conducted in two phases—the Guantanamo phase and the Executive Order challenge. The Executive Order case addresses the plight of Haitians who may flee Haiti. According to the Plaintiffs, the question of whether the Executive Order violates § 243(h) of the INA is strictly a legal question which may be decided without any factual presentation. The Guantanamo case addresses the rights of Haitians being detained on Guantanamo[1] and the Haitian Service Organizations. Their claims include First Amendment right of access, due process, arbitrary and capricious conduct by the government, and equal protection.[2]

The Court agrees with Plaintiffs' bifurcation plan. Bifurcation of the Guantanamo case and the Executive Order case seems even more appropriate in light of the fact that the Supreme Court has granted the Government's petition for certiorari and is likely to dispose of the issue within the next few months. Therefore, the Court sees no reason to delay the trial.

2. The Court has dismissed Plaintiffs' claims for violations of statutory right to counsel and rule-making procedures for failure to state a claim.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Bifurcation is hereby granted. The Court will proceed to trial on the merits of the Guantanamo case.

So Ordered.