425 So.2d 355 (1982)
Mrs. Ella ROMERO, Plaintiff-Appellee,
v.
Francis RICHARD, Ernest Richard, Gilmore & Sons Contractor Inc., Aetna Insurance Company, Defendants-Appellants.
No. 82-400.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
Paula Kobetz Woodruff, Lafayette, for defendants-appellants.
Jeansonne, Briney, Balfour & Goudelocke (Craig W. Marks), Lafayette, for defendants-appellees.
J.N. Prather, Jr., Lafayette, for plaintiffappellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
The plaintiff, Mrs. Ella Romero, brought this suit to recover damages for personal injuries she received in two automobile accidents which occurred within a short period of time on September 2, 1980. Made defendants were Ernest and Francis Richard and their insurer, ABC Insurance Company, and Gilmore and Sons Construction Company, Inc. (hereafter Gilmore) and its insurer, XYZ Insurance Company.[1] Ernest and Francis Richard filed an "answer and intervention and/or third party demand" seeking indemnity and/or contribution from Gilmore, and also claiming damages from Gilmore for their own personal injuries and property damage. Gilmore filed a peremptory exception of prescription as to the Richard's claim for their own personal injuries and property damage.[2] The trial court sustained the exception and the Richards appeal. The sole issue is whether the trial court was correct in determining that the *356 Richards' claim against Gilmore for their own damages was barred by the prescription of one year.
The facts pertinent to a disposition of the issue presented are not in dispute. On September 2, 1980, Mrs. Ella Romero was proceeding in a westerly direction on Butcher Switch Road in Lafayette. She encountered a muddy stretch of road, lost control of her car, and struck a culvert on the side of the road. At the time, a crew employed by the defendant, Gilmore, was engaged in installing culverts along the side of the road adjacent to the point of the accident. Mrs. Romero alleges that Gilmore was negligent in causing the mud to be present on the road and in failing to wash the mud off the road, and that its negligence was the cause of the accident.
Immediately following this accident, Mrs. Romero went to a neighbor's home nearby to contact the appropriate authorities. A friend brought Mrs. Romero back to the scene of the accident in a pickup truck. While Mrs. Romero was a passenger in the truck, it was struck from the rear by a vehicle being driven by the defendant, Francis Richard, and owned by the defendant, Ernest Richard. Mrs. Romero contends that negligence on the part of Ernest and Francis Richard caused the second accident.
Mrs. Romero filed suit against the Richards and Gilmore on August 31, 1981. The Richards were served on September 3, 1981. Gilmore was served on September 14, 1981. On September 22, 1981, the "answer and intervention and/or third party demand" was filed on behalf of the Richards. The Richards assert that negligence on the part of Gilmore was the cause of accident in which they were involved. They seek indemnity and/or contribution for any damages they may be held to owe Mrs. Romero, and they also claim damages for personal injuries suffered by Francis Richard and damages to the car owned by Ernest Richard.
LSA-C.C.P. Art. 1067 provides:
"An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand...."
This article makes it clear that if the Richards' claim against Gilmore for their own damages is an incidental demand, it has not prescribed, since it was not barred by prescription or peremption at the time the main demand was filed, and it was filed within ninety days of service of the main demand.
Intervention is an incidental demand. LSA-C.C.P. Art. 1031. Intervention is defined in LSA-C.C.P. Art. 1091, which provides:
"A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant...."
Article 1091 has been given a broad interpretation by this court. In Bellow v. New York Fire and Marine Underwriters, Inc., 215 So.2d 350 (La.App. 3rd Cir.1968), the plaintiff, who was injured in an accident involving a bus on which she was a passenger, sued the driver of the bus and the driver of the other vehicle. The driver of the bus, Guillory, having already filed a third party demand against the other driver, Joseph, then filed a pleading styled "Supplemental and Amending Third Party Demand" against Joseph and his employer for Guillory's own damages in the accident. This court held that the demand of the defendant against his co-defendant which arose out of the same accident was a "right related to or connected with the object of the pending action" and was therefore maintainable as an intervention.
*357 We again interpreted Article 1091 broadly in Home Indemnity Co. v. Central La. Elec. Co., 384 So.2d 455 (La.App. 3rd Cir. 1980). In that case, the Home Indemnity Company timely brought suit against CLECO to recover workmen's compensation benefits it had paid to an injured worker, Pullard, on behalf of Servitron, Inc., the worker's employer. The intervenor, Tolmak, Inc., had paid $156,655.41 to Pullard in satisfaction of a judgment rendered against Tolmak in a federal tort suit in Texas. The payment of workmen's compensation benefits by Home Indemnity and the tort judgment against Tolmak arose from the same injury to Pullard. Tolmak, who was not previously a party to the suit by Home Indemnity against CLECO, intervened to seek indemnity from CLECO for the amount it paid to Pullard. In upholding Tolmak's right to intervene, we held that Article 1091 was broad enough to encompass Tolmak's claim since Tolmak sought to "enforce a right related to or connected with the object of the pending action" by "joining with plaintiff in demanding the same or similar relief against the defendant".
In accordance with the terms of Article 1091 and the broad interpretation we give it, we hold that the claim of Francis and Ernest Richard for personal injuries and property damage is a proper intervention. The accident on which their claim is based is already the subject of the present litigation. The theory on which their claim is based is identical to that on which Mrs. Romero relies in her claim against Gilmore. All of the factual matters relevant to the Richards' claim are already part of the litigation. Suffice it to say that the Richards' claim is one to "enforce a right related to or connected with the object of the pending action against one or more of the parties thereto" wherein the Richards intervene by "joining with the plaintiff in demanding the same or similar relief against the defendant".
According to the clear terms of LSA-C. C.P. Art. 1067, supra, the claim of the Richards, being a proper intervention, was not prescribed when it was brought on September 22, 1981, since it was not barred at the time the main demand was filed and was brought within ninety days of service of the main demand. Thus, the trial judge erred in sustaining the exception of prescription.
We observe that our brethren of the Fourth Circuit reached a like result in Washington v. Goldate, 411 So.2d 1224 (La. App. 4th Cir. 1982), a recent case presenting somewhat similar factual circumstances. In that case, Washington and Banks were traveling in a truck, owned by Cort furniture, that was struck by an automobile being driven by the defendant, Goldate. Washington was killed. His survivors and Banks timely filed suit against Goldate and her insurer. Although not a party to the suit up to that time, Cort filed a petition of intervention seeking recovery for property damages. The petition was filed well over a year subsequent to the accident. The court held that the claim of Cort was a proper intervention according to the broad interpretation of Article 1091, supra, and that the claim of Cort was not prescribed according to the terms of Article 1067.
Gilmore relies on our decision in Moraus v. State, through Dept. of Transp., 396 So.2d 596 (La.App. 3rd Cir.1981), where we held that the claim of an intervening party had prescribed. That case, however, is readily distinguishable from the present case. In Moraus, the intervenor, who was not previously a party to the suit, failed to file her claim within ninety days of service of either the main demand or the third party demands on any party in the suit. Her claim was therefore barred by the prescription of one year.
For the above and foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for proceedings not inconsistent with the views expressed. All costs are assessed to defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] At the time the petition was filed, the plaintiff did not know which company or companies insured the defendants, therefore referring to them as the ABC and XYZ Insurance Companies.
[2] Gilmore concedes in brief to this court that the third party demand for indemnity and/or contribution asserted against them by the Richards has not prescribed.