FORET, Judge.
This suit arose out of a single car accident which occurred on August 19, 1982. Tracy Patterson, a passenger in the automobile, filed suit on August 16, 1983, seeking recovery for injuries received in the accident. Made defendants were: Douglas Rigler, the driver of the automobile; Swan-ner and Associates, Inc., which had rented the car driven by Rigler; and the State of Louisiana, through the Department of Transportation & Development. Defendant, Rigler, was not served with this suit until November 3, 1983. On February 1, 1984, the 90th day following service of Patterson’s demand on Rigler, Rigler filed an incidental demand, styled an intervention, but more properly nominated a cross-claim, against Swanner and Associates, a defendant in the main demand, and against General Motors Corporation (GMC), which was not, until then, a party to the action. On the same date, Rigler filed both an answer to plaintiff Patterson’s main demand and a reconventional demand. Included in this pleading was a cross-claim and reconventional demand against the State of Louisiana. In all of his cross-claims, Rigler sought to recover for his own injuries sustained in the accident. Ri-gler did not seek indemnification or contribution from any of the cross-claim defendants.
In response to Rigler’s cross-claims, GMC filed an exception of improper joinder and/or a cumulation of actions, and Swan-ner and Associates filed an exception of prescription. The trial court heard both exceptions on February 12, 1986, following which it dismissed with prejudice Rigler’s claims against GMC and Swanner and Associates.
Rigler has appealed from this judgment of the trial court dismissing his cross-claims against these two defendants. This appeal raises several issues:
(1) Whether Rigler could properly join GMC as a defendant in a cross-claim even though GMC was not a party to the main demand and, therefore, not a co-party;
(2) Whether Rigler’s right to bring a cross-claim against Swanner and Associates had prescribed; and
(3) Whether Rigler’s cause of action against GMC, embodied in his cross-claim, had prescribed.
JOINDER OF GMC
In support of its exception, GMC contended that Rigler could not properly bring a cross-claim against it because it was not a party to the main demand or any reconventional demand. The trial court, apparently agreeing with GMC's contention, dismissed Rigler’s cross-claim against GMC. We find, however, that Rigler could maintain a cross-claim against GMC despite the fact that it was not a party to the suit *507 until Rigler joined it by way of his cross-claim.
The cross-claim is a recent addition to Louisiana procedural law. Prior tó 1983, a general cross-claim between co-parties was not available. Although defendants were allowed by way of the third party demand to seek contribution or indemnification from a co-party, they could not assert their own independent claims in this fashion. Our courts, seeking to remedy this situation, expanded the concept of intervention and allowed a defendant to “intervene” into the action by the plaintiff against the co-defendant and assert his own claim against him. Maraist, Civil Procedure, Work of the Appellate Courts 1976-77, 38 L.L.R. 503, 507. In 1983, however, the general cross-claim was introduced explicitly into Louisiana procedural law in the form of LSA-C.C.P. art. 1071, which provides:
“A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the party against whom it is asserted is or may be Hablé to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant.”
The gravamen of GMC’s objection to Ri-gler’s assertion of a cross-claim against it is that it is not a co-party with Rigler. GMC maintains that, until Rigler’s cross-claim, it was a stranger to the present action. GMC has pointed out that Louisiana’s laws regarding cross-claims, specifically, LSA-C.C.P. arts. 1071 and 1073, are patterned on the Federal Rules of Civil Procedure 13(g) and (h), and that, as a result, federal decisions interpreting these Federal Rules are persuasive. See Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Rougeau v. Commercial Union Insurance Co., 432 So.2d 1162 (La.App. 3 Cir.1983). While allowing the cross-claimant to add persons who are not parties to the original action, Federal authority requires that a cross-claim must include at least one existing co-party. Brown v. International Union, United Auto, Aerospace & Agricultural Implement Workers of America, 85 F.R.D. 328 (D.C.Mich.1980); United States Agri-Processors Marketing Service, Inc. v. Quinonez Hermanos, S.A., 73 F.R.D. 87 (D.C.Fla.1976). Under Federal jurisprudence then, although Rigler could not bring in GMC as the sole defendant to a cross-claim, he could add it as a defendant to a cross-claim which also included as a defendant an existing co-party. This is what occurred in the present case. Ri-gler’s cross-claim against GMC also included as a defendant, Swanner and Associates, a party to the original action. Therefore, the Federal Rules of Civil Procedure would allow Rigler to maintain his cross-claim against GMC.
The result is the same under Louisiana Law. LSA-C.C.P. art. 1073 specifically provides that:
“Persons other than those made parties to the original action may be made parties to a cross-claim.”
Rigler could properly join GMC as a defendant to his cross-claim. The trial court should not have dismissed his claim against GMC based on improper joinder or improper cumulation of actions.
PRESCRIPTION
The trial court upheld Swanner and Associates’ exception of prescription, apparently finding that Rigler’s claim against Swanner for damages he had received in the accident had prescribed. The trial court reached this conclusion despite LSA-C.C.P. art. 1067 which provides that:
“An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or- in the case of a third party defendant within ninety days from service of process of the third party demand.”
Cross-claims are incidental actions. LSA-C.C.P. art. 1031(B). According to Art. 1067, an incidental demand is not *508 barred by prescription if it was not barred at the time the main demand was filed and if it is filed within ninety days of the date of service of the main demand. The pertinent dates with respect to Rigler’s cross-claim are the following:
August 19,1982 The accident occurs.
August 16,1983 The main demand is filed.
Nov. 3,1983 Rigler is served with main demand.
Feb. 1,1984 Rigler files cross-claims against Swanner and GMC.
It is evident that Rigler’s demand against Swanner, embodied in his cross-claim, was not barred at the time the main demand was filed and that Rigler’s cross-claim was filed within ninety days of the service of the main demand upon him. Given the unambiguous language of Art. 1067, we must conclude that Rigler’s cross-claim was filed timely.
GMC has also raised the issue of prescription in its brief. Insofar as the effect of Art. 1067, is concerned, the position of GMC is identical with that of Swanner and Associates. The pertinent dates are the same. Once again, Art. 1067 preserved Rigler’s cross-claim and prevented it from being barred by prescription despite the fact that it was filed more than one year following the date of the accident.
DECREE
For the foregoing reasons, the judgment of the trial court dismissing defendant Ri-gler’s cross-claims against General Motors Corporation, Inc. and Swanner and Associates, Inc. is reversed, and this case is remanded to the trial court for action consistent with this opinion.
Costs of this appeal are assessed equally between General Motors Corporation, Inc. and Swanner and Associates, Inc. Costs at the trial level shall await final disposition of this matter.
REVERSED AND REMANDED.