EDWARDS, Judge.
From a judgment confirming a default, defendants have appealed.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Enterprise Leasing Company of New Orleans (Enterprise), is the judgment creditor on a debt owed to it by Porche Brothers Lumber and Supply Company, Inc. (Porche Brothers). On June 6, 1986, Enterprise filed suit against Porche Brothers to recover amounts owed under an outstanding lease agreement for five (5) vehicles. Trial on the merits was held on March 5, 1987, and judgment was rendered and signed on April 21, 1987,[1] recognizing the debt. Subsequent to the judgment, Enterprise became aware of facts leading it to believe that Porche Brothers was disposing of assets to Enterprise’s prejudice. On May 21, 1987, while waiting for its judgment to become executory and in response to the foregoing information, Enterprise filed a petition for attachment to seize property thought to be owned by Porche Brothers. In this petition, Enterprise alleged that Porche Brothers was in the process of converting assets into money or evidence of debt with the intent to place them beyond the reach of creditors, and that Porche Brothers was attempting to leave the state. In support of its writ of attachment, Enterprise alleged that the officers of Porche Brothers, Clark Porche, *89 the president, and Keith Porche, the treasurer, had fraudulently caused the corporation to grant preferences to its officers (themselves) as well as to convert assets into evidence of debt beyond the reach of Enterprise. Enterprise posted bond and the attachment was granted on May 21, 1987.
As a response to the attachment, Master Builders of Houma, Inc., (Master) a corporation also run by the officers of Porche Brothers, filed a petition of intervention claiming that the property attached belonged to them and not Porche Brothers. In its intervention, Master claimed ownership of the property by virtue of a cash sale from Porche Brothers to Master. In addition, Master asked that an injunction be issued preventing attachment and sale of the property; for dissolution of the attachment; and for damages and attorney’s fees for wrongful attachment. Appended to Master’s petition for intervention were copies of a purported cash sale from Porche Brothers to Master consisting of substantially all of the movables of Porche Brothers.
In response to Master’s intervention, Enterprise filed a peremptory exception of no right of action to the petition alleging that Master had no right of action to dissolve the attachment and no right of action for damages and attorney’s fees. In addition to their exceptions, Enterprise filed an answer on June 16, 1987 to Master’s demand for damages and attorney’s fees denying liability; a reconventional demand against Master; and a third party demand against Clark Porche and Keith Porche individually. In the reconventional demand and third party demand, Enterprise alleged fraud and unlawful practices on the part of Master as well as Clark and Keith Porche, which would render them liable, in solido, for the debt which gave rise to the attachment. Master, Clark Porche and Keith Porche were all properly served with the demand.
After a hearing on Master’s petition of intervention and Enterprise’s exception, the trial judge granted Enterprise’s exception and dismissed Master’s intervention. On July 14, 1987, Enterprise moved for a preliminary default on both their reconventional demand against Master and their third party demand against Clark and Keith Porche. These preliminary defaults were granted. On July 28, 1987, Enterprise confirmed its default against Clark Porche and Keith Porche, decreeing both to be liable in solido with Porche Brothers for the full amount of the April 21, 1987 judgment. On August 3, 1987, Master, Keith Porche and Clark Porche filed a “Motion And Order For Extension Of Time To File Pleadings.” [2] On August 6, 1987, Keith Porche and Clark Porche filed a “Motion to Nullify Default Judgment Or In The Alternative Motion For New Trial.” In response to the motion for nullity, Enterprise filed an “Exception of Unauthorized Use of Summary Process.” Master then filed an answer to the reconventional demand of Enterprise. On August 26, 1987, the trial court dismissed Clark Porche and Keith Porche’s motion for new trial and their motion for nullity of judgment. Clark Porche and Keith Porche then applied for writs to this court which were not considered due to rule violations.[3] On October 21, 1987, Keith Porche and Clark Porche filed for a devolutive appeal of the judgment holding them liable in solido for the debt owed by Porche Brothers Lumber and Supply Company to Enterprise Leasing.
LAW
The question presented concerns the legitimacy of a default judgment, granted and confirmed, in response to a defendant’s failure to respond to a third party demand, filed in response to an intervenor’s recon-ventional demand, which itself was filed in response to a petition for attachment. For *90 reasons stated herein, we find that the confirmation is proper and affirm.
Louisiana provides for differing modes of procedure in civil matters. See LSA-C. C.P. art. 851.[4] The provisions which govern attachment are contained in Louisiana’s Code of Civil Procedure Book VII, entitled Special Proceedings. LSA-C.C.P. art. 3501 provides for the filing of a petition to begin the attachment. LSA-C.C.P. art. 3506 provides the procedure for a defendant to respond to the petition filed under LSA-C.C. P. art. 3501. LSA-C.C.P. art. 3506 provides:
The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits. (Emphasis added).
Further, LSA-C.C.P. art. 3509 provides for an intervention by a third party who claims ownership of the property attached. LSA-C.C.P. art. 3509 states:
When property seized under a writ of attachment or of sequestration is in the possession of one not a party to the action, he may intervene in the action and, upon prima facie showing that he is the owner, pledgee, or consignee of the property, have the property released by furnishing security in the manner and amount, within the same delay, and with the same effect as a defendant. (Emphasis added).
The legitimacy of Enterprises’ confirmation of its default judgment against Keith Porche and Clark Porche is dependent upon the legitimacy of its use of a third party demand filed in response to Master’s intervention petition which included a reconven-tional demand for damages. Under these facts we find the third party demand to be a proper response to Master’s reconven-tional demand.
When Enterprise filed its attachment proceeding it had become aware that its debtor, Porche Brothers, was in the process of converting and selling assets to its prejudice. Specifically, Clark Porche and Keith Porche, officers of Porche Brothers and Master Builders, on March 4,1987, one day before trial on the merits between Enterprise and Porche Brothers, caused Porche Brothers to sell substantially all of its assets to Master Builders in exchange for two promissory notes. The first was for $60,000.00, with no money down and three hundred (300) equal payments of $200.00. The second promissory note was for $200,-000.00 with no money down and four hundred (400) payments of $500.00. Both notes contained clauses calling for set-off for the value of services given by Master in the past and to occur in the future. Both notes contained a clause calling for no attorney’s fees in the event of non-payment. Neither note called for any interest payments. The property involved was composed entirely of moveables, not likely to last the length of the notes.
Also, during the period between trial on the merits and the signing of the judgment, Keith Porche and Clark Porche filed suit against Porche Brothers and had Porche Brothers confess judgment on the suit. This action was an attempt to gain a ranking above that of Porche Brothers’ legitimate creditors including Enterprise.
The procedures for attachment as outlined in LSA-C.C.P. arts. 3501-3514, and 3571-3576 are intended to provide a measure of protection for creditors against debtors who attempt to prevent legitimate *91 collection of their obligations. LSA-C.C.P. art. 3541 provides the grounds for attachment. It states:
A writ of attachment may be obtained when the defendant:
(1) Has concealed himself to avoid service of citation;
(2) Has mortgaged, assigned, or disposed of his property or some part thereof, or is about to do any of these acts, with intent to defraud his creditors or give an unfair preference to one or more of them;
(3) Has converted or is about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors;
(4) Has left the state permanently, or is about to do so before a judgment can be obtained and executed against him; or
(5) Is a nonresident who has no duly appointed agent for service of process within the state.
Unquestionably, the trial judge was convinced that Keith Porche and Clark Porche had caused Porche Brothers to engage in conduct sufficient to satisfy the use of attachment called for in LSA-C.C.P. art. 3541. In rendering his decision at the hearing on Master’s intervention the trial judge stated:
Thank you gentlemen. The Court finds that it is obvious what has taken place and the Court dismisses the petition for intervention at the cost of Master Builders. It is obvious the grounds for attachment have been indeed satisfied. It is quite obvious that the only purpose for this sale was to put these items beyond the reach of their creditors through various means and it is simply a sham in order to do that. (Emphasis added).
Keith Porche and Clark Porche are both officers and stockholders in Master.[5] While Porche Brothers, and Master are separate corporate entities, they are all at least partially owned by the Porche family.
In Home Finance Service v. Linam, 174 So. 389 (La.App. Orl.Cir.1937), the court was faced with a personal demand similar to that which is the subject of this appeal. In Home Finance, the plaintiff obtained a judgment against the defendant on a promissory note. The defendant then formed a corporation and transferred assets from his first business to the new corporation. The plaintiff then moved to seize a truck in execution of its judgment against the defendant. The corporation transferee intervened, claiming to be owner of the truck and asking to reserve its rights to proceed for wrongful seizure. The plaintiff then filed an answer to the intervention of the corporation and asked that the corporation be held personally liable for the debt, due to the fraudulent transfer. The defendant corporation objected to the procedure of using an added demand in order to make it personally liable. The corporation maintained that a new suit was required. The appellate court, in agreeing that the procedure was valid, stated:
Thus, if the transaction was fraudulent and had as its object the placing beyond the reach of Linam’s creditors of the movables transferred, then, ... the newly created corporation became liable for the debts. If so, and if it can be shown that the transfer was fraudulent, then there is no reason why the creditor should be relegated to another new and independent action to obtain that judgment. If there is liability, it has resulted from the fact that the transfer was fraudulent. Therefore, incidental to the suit in which it is sought to declare the transfer fraudulent is the claim for a personal judgment based on that transfer. (Emphasis added).
174 So. at 393.
The Home Finance case was decided prior to the adoption of Louisiana’s Code of Civil Procedure under old article 398 of the Code of Practice which provided:
If the opposition has for its object to set aside the order of seizure as having been effected on property not belonging to the party against whom the order was *92 directed, but owned on the contrary by the third person making the opposition; it must be done by means of a petition, which together with a citation, must be served on the party making the seizure, as in ordinary suits; but such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted; provided, that in all cases where personal property is seized upon mesne or final process, and is claimed by a third opponent, the seizing creditor may be allowed in his answer to the third opposition to allege and prove his title fraudulent, and the court shall try and decide the issue thus made. [As amended, Acts 1886, No. 46]
Louisiana Code of Practice art. 398 (Dart 1942). We believe, nevertheless, that the rationale applied to be correct.
LSA-C.C.P. art. 3501 provides for a creditor to attach property by filing a petition. LSA-C.C.P. art. 3506 allows the defendant named in a petition filed under LSA-C.C.P. 3501 to file either a motion to dissolve or a reconventional demand for damages and attorney’s fees. LSA-C.C.P. art. 3509 provides that a third party can intervene “with the same effect as a defendant.” When Enterprise filed its petition for attachment it was met by both a motion to dissolve and a reconventional demand for damages and attorney’s fees filed by Master. Keith Porche and Clark Porche are officers and stockholders in both corporations. Just as in Home Finance, we see no reason to relegate Enterprise to a new and independent action to obtain the judgment. We feel that, under these facts, a creditor whose petition for attachment is met by a reconventional demand should have the right to respond to that reconven-tional demand by filing a third party demand against those whose actions made it necessary for an attachment to be filed. To do otherwise would necessitate a second independent suit involving the same facts and evidence presented in the attachment proceeding.
Appellants complain that Enterprise can not add new parties in their reconven-tional demand/third party demand filed in response to Master’s reconventional demand. Under these facts we disagree. LSA-C.C.P. art. 1064 provides:
When the presence of parties other than those to the principal action is required for the granting of complete relief in the determination of a reconventional demand, the court shall order the plaintiff in reconvention to make such parties defendants in reconvention, if jurisdiction of them can be obtained.
Here, the principal action involved Master’s intervention which contained a recon-ventional demand against Enterprise for damages and attorney’s fees. Enterprise reconvened against Master, and added Keith Porche and Clark Porche as third party defendants alleging that they were the parties whose actions, in their individual capacities, in obtaining a judgment against their own corporation in an effort to defraud Enterprise, required Enterprise to seek the attachment. A review of the record discloses that the trial judge could have determined that Keith Porche and Clark Porche were required for complete relief to be granted on Enterprises’ recon-ventional demand against Master, and could have ordered Enterprise to add them to its reconventional demand pursuant to LSA-C.C.P. art. 1064. If the judge could have ordered the adding of Keith and Clark Porche, we see no reason why Enterprise could not add them on their own.
In any event, Keith Porche and Clark Porche were both legally served with Enterprise’s personal demand against them. They could have objected to the procedure prior to the confirmation of the default. LSA-C.C.P. art. 928 provides that all exceptions other than peremptory ones shall be filed prior to judgment by default. LSA-C. C.P. arts. 925 and 926 define the exceptions which could have been raised by the Porches. Furthermore, in General Leasing Company v. Leda Towing Company, Inc., 350 So.2d 931 (La.App. 4th Cir.1977), the court of appeal stated:
[Respondents have attacked the form of the original third party petition and citation served on them in June, 1971. These objections should have been raised *93 through declinatory and dilatory exceptions pursuant to C.C.P. Arts. 925 and 926, but such exceptions could not be pleaded after relators’ entry of preliminary default. Art. 928.
350 So.2d 933. See also American Supply Co. v. Tara Alyene, Inc., 470 So.2d 459, 460 (La.App. 1st Cir.1985).
Because we find that, under the facts presented in this case, the third party demand was proper, and that Keith Porche and Clark Porche failed to object timely to the procedure used, we uphold the confirmation of the default and affirm the judgment of the trial court. All costs of this appeal to be paid by the appellants.
AFFIRMED.

. The trial judge, after trial on the merits, asked for post-trial memoranda and gave the parties thirty (30) days in which to submit briefs.

. As to Keith and Clark Porche, the motion for an extension of time to plead is untimely since the judgment was confirmed on July 28, 1987 and the motion was not filed until August 3, 1987. Because the confirmation was only against Keith and Clark Porche, and not Master, this appeal does not involve claims against Master.

. CW 87 1364.

. While LSA-C.C.P. art. 851 lists only three modes of procedure, ordinary, summary, and executory, there are other forms contained in Book VII of the Louisiana Code of Civil Procedure. These procedures in Book VII are entitled "Special Proceedings” and contain the provisions applicable to the attachment involved in this case.

. They also work for Redi-Mix, Inc., owned by their father and which presently uses equipment leased to Redi-Mix by Master Builders and previously owned by Porche Brothers. Redi-Mix also operates out of the premises previously occupied by Porche Brothers.