LOTTINGER, Judge.
The sole issue in this appeal is one of prescription. Mrs. Hazel Bernard filed suit on August 11, 1987 against various defendants to recover for her personal injuries and property damage arising out of an automobile accident which occurred on September 27, 1984. The trial court sustained defendants’ peremptory exception raising the objection of prescription. Mrs. Bernard *162 has appealed, asserting that her petition is in fact an intervention, and as such it was timely filed within the ninety day period allowed by La.Code Civ.P. art. 1067 for filing incidental demands.
FACTS
On September 27, 1984, Mrs. Bernard was involved in an automobile accident as she attempted to cross the east bound lanes of U.S. Highway 90 at its intersection with La. Highway 3211 in St. Mary Parish near Franklin, La. Mrs. Bernard was proceeding in a southerly direction on La. 3211 and had successfully crossed the west bound lanes of U.S. 90, and was attempting to cross the east bound lanes when the accident occurred. This intersection is controlled by a stop sign and flashing red light, with U.S. 90 east being the favored highway.
At the time of the accident a left turn lane was being added to the east bound lanes of U.S. 90 by Louisiana Paving Company, under a contract with the Louisiana Department of Transportation and Development (DOTD). This construction work may have blocked Mrs. Bernard’s view of eastbound traffic on U.S. 90 to some extent. No flagman was present to direct traffic at the time of the accident.
When Mrs. Bernard pulled out in an attempt to cross Highway 90, her car was immediately struck broadside by an eastbound one-ton pickup truck pulling a goose-neck trailer, owned by Ace Transportation Inc. (Ace), and driven by Arthur W. Duhon (Duhon), an employee of Ace. Mrs. Bernard and her two guest passengers were all seriously injured.
On February 28, 1985, Hazel Bernard’s two guest passengers, Mary S. Bernard and Bettie A. Cormier, filed suit against Duhon, Ace, State Farm Mutual Automobile Insurance Company (Duhon’s auto liability insurer)[1], Allstate Insurance Company (Hazel Bernard’s auto liability insurer), and DOTD. These two guest passengers then settled with and released Allstate, who was dismissed from the suit by judgment dated April 18, 1986.
On May 11, 1987, the DOTD filed an answer and third party demand, naming Mrs. Hazel Bernard as a third party defendant. Hazel Bernard was served with the third party demand on May 14, 1987. This third party demand by the DOTD against Hazel Bernard was later dismissed pursuant to Hazel Bernard’s peremptory exception raising the objection of no cause of action based on the original plaintiffs’ release of her and her insurer.[2]
On August 11, 1987, Hazel Bernard filed a pleading entitled “Petition”, which named Duhon, Ace, and the DOTD as defendants, and sought damages for her personal injuries and property damage arising out of the accident of September 27, 1984. Louisiana Paving Company and the Louisiana Insurance Guaranty Association (LIGA)[3], were later added as defendants by the two original plaintiffs and Hazel Bernard jointly, via first and second amending petitions, respectively.
On April 27, 1988, Louisiana Paving Company filed a peremptory exception raising the objection of prescription as to all of the plaintiffs. On January 4, 1989, the DOTD filed the same exception, but only as to the claims of Hazel Bernard; and Du-hon, Ace, and LIGA joined in this exception on January 19, 1989.[4]
*163 After the issue of prescription as to Hazel Bernard had been submitted to the court based on stipulated facts and the parties’ memoranda, the trial court ruled in favor of all of the defendants and granted the exceptions of prescription as to Hazel Bernard and rendered judgment dismissing her petition as to all of the defendants.
Hazel Bernard appeals from the granting of these exceptions of prescription, contending that La.Code Civ.P. art. 1067 applies and that under its provisions her action is not prescribed.[5]
LAW AND ARGUMENT
Mrs. Bernard contends that her action is an intervention pursuant to La.Code Civ.P. art. 1091 and that an intervention is classified as an incidental demand by La.Code Civ.P. art. 1031. Therefore, Mrs. Bernard contends, La.Code Civ.P. art. 1067 applies, and since her petition was filed within the 90 day period provided by that article, it was timely filed. La.Code Civ.P. arts. 1091, 1031, and 1067 provide respectively that:
Art. 1091.
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with the plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
Art. 1031.
A. A demand incidental to the principal demand may be instituted against an adverse party, a co-party, or against a third person.
B. Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties.
Art. 1067.
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Mrs. Bernard points out that her demand was not barred at the time the main demand was filed on February 28, 1985, and that it was filed within ninety days from the time she was served with the DOTD’s third party demand. Interpreting Article 1067 literally, Mrs. Bernard argues that her demand was therefore not prescribed when filed, and the judgment sustaining the peremptory exception raising the objection of prescription was erroneous.
Mrs. Bernard relies on Romero v. Richard, 425 So.2d 355 (La.App. 3rd Cir.1982); Washington v. Goldate, 411 So.2d 1224 (La.App. 4th Cir.1982); and Moraus v. State, Department of Transportation and Development, 396 So.2d 596 (La.App. 3rd Cir.1981), to support her literal reading of La.Code Civ.P. art. 1067. She further relies on the proposition that prescriptive statutes are strictly construed and where there are two permissible constructions, the one which favors allowing the action should be adopted. Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972); Odessa House v. Goss, 453 So.2d 299 (La.App. 3rd Cir.1984).
The defendants rely primarily on Randall v. Feducia, 507 So.2d 1237 (La.1987), and argue that since appellant’s claim was prescribed when the third party demand was filed, La.Code Civ.P. art. 1067 should not be interpreted to somehow resuscitate that claim.
The position of both parties has some merit, however, none of the cases cited by Mrs. Bernard, nor any of those cited by the defendants, nor any which we *164 could find, involve the application of La. Code Civ.P. art. 1067 to a chronology of events like those present in the instant case. No prior case has addressed the issue of prescription where an incidental demand was filed more than ninety days from service of the main demand, but within ninety days from service of the third party demand, and at a time when the incidental demand was otherwise barred by the prescription of one year. Therefore, the issue which we must decide in this case is res nova.
The pertinent chronology in the instant ease is as follows: September 27, 1984— Accident in which Hazel Bernard was injured.
February 28, 1985 — Suit filed by Hazel Bernard’s two guest passengers against the DOTD, Duhon, and Ace, and to which Louisiana Paving and LIGA were later added as defendants.
May 11, 1987 — DOTD files third party demand against Hazel Bernard.
May 14, 1987 — Service of third party demand on Hazel Bernard.
August 11, 1987 — Hazel Bernard files suit against DOTD, Duhon, and Ace. Louisiana Paving and LIGA are later added as defendants.
In Romero v. Richard, the Third Circuit held that a pleading filed by one defendant against another defendant, more than one year from the time of the accident, which demanded damages for the personal injuries and property damage incurred by the filing defendant in that accident, was an intervention, and that since it was not barred at the time the main demand was filed and was brought within ninety days of service of the main demand, it was timely under Article 1067.
The facts in Romero are distinguishable from the facts of the instant case in that Romero involved a pleading which was not prescribed when the main demand was filed, and was filed within ninety days of the main demand.[6] On the other hand, the pleading involved in the instant case, although not prescribed when the main demand was filed, was not filed within ninety days of the main demand. It was filed within ninety days of service of a third party demand, but was otherwise prescribed when that third party demand was filed. Therefore, Romero did not address the narrow issue now before us.
Likewise, Washington v. Goldate is factually distinguishable from the instant case. In Washington, two employees of Cort Furniture Rental Corp. (Cort) were involved in a two car automobile accident while in their employer’s truck. One of these employees and the other’s survivors filed suit against the driver of the other vehicle, her liability insurer, and the uninsured motorist carrier insurer of one of the employees, within one year of the accident. Cort was not made a party to this suit.
Within ninety days of service on the last of the defendants to be served, Cort filed an intervention to recover the damage to its vehicle. The Fourth Circuit held that Cort’s intervention was a proper one, and that since it was not prescribed when the main demand was filed, and was filed within ninety days of service of the main demand on the last defendant served, that it was not prescribed under La.Code Civ.P. *165 art. 1067.[7] Therefore, as in Romero, the pleading at issue in Washington was filed within ninety days of service of the main demand, and the issue presented here was not reached.
In Moraus v. State, Department of Transportation and Development, the plaintiff, Mr. Moraus, was injured in a two car auto accident while a guest passenger in a vehicle driven by his son on December 5, 1978. Mr. Moraus filed suit against the DOTD on July 19, 1979. On September 19, 1979, the DOTD filed a third party demand against the two drivers of the vehicles involved; Mr. Moraus’ son, and Mrs. Lydia Armstrong.[8] Mrs. Armstrong was served with the third party demand on September 25, 1979.
On December 21, 1979, Mrs. Armstrong filed a reconventional demand against the DOTD, seeking damages for her own personal injuries and property damage. The Third Circuit cited La.Code Civ.P. art. 1067, and held that Mrs. Armstrong’s claim against the DOTD was not prescribed, since it was not prescribed when the main demand was filed, and it was filed within ninety days of service on her of the DOTD’s third party demand.[9]
We note, however, that unlike Mrs. Bernard’s claim in the instant case, Mrs. Armstrong’s claim against the DOTD was not prescribed by one year’s prescription when she was served with the DOTD’s third party demand. Therefore, the facts in that ‘ case are distinguishable from the instant case and the statement made by the Mo-raus Court that Mrs. Armstrong’s claim was not prescribed when the main demand was filed, although true, is dicta.
Likewise, in Humphries v. Louisiana Department of Public Works, Division of Transportation, 545 So.2d 610 (La.App. 3rd Cir.), writ denied, 548 So.2d 1249 (La.1989), the reconventional demand upheld pursuant to La.Code Civ.P. art. 1067 was not prescribed by La. Civ. Code art. 3492 when the third party demand was served on the party filing the reconventional demand. Humphries arose from a collision between vehicles driven by Mrs. Hum-phries and Mr. Shaw on January 25, 1984. Mrs. Humphries’ survivors filed a timely suit against Shaw and the DOTD. The DOTD filed a third party demand against Shaw on October 29, 1984. Shaw reconvened against the DOTD on January 30, 1985.
The Third Circuit upheld the trial court’s denial of the DOTD’s peremptory exception raising the objection of prescription as to Shaw’s reconventional demand based on La.Code Civ.P. art. 1067. Again, the facts in Humphries are distinguishable from the instant case because when Mr. Shaw was served with the DOTD’s third party demand in Humphries his claim against the DOTD had not yet prescribed, whereas in the instant case, Mr. Bernard’s claim had long since prescribed when she was served with the DOTD’s third party demand.
In other words, in Humphries, Mr. Shaw was served with a third party demand within 90 days from the time that his claim would have prescribed whereas Mrs. Bernard was served with a third party demand long after her claim had otherwise prescribed. La.Code Civ.P. art. 1067 clearly allows incidental demands such as Mr. Shaw’s in Humphries, but has never been *166 held to allow claims such as Mrs. Bernard in the instant case.
The defendants , rely primarily on language in Randall v. Feducia in support of their argument that where an incidental demand is filed by a third party defendant, the incidental demand must not be prescribed when the third party demand is filed, and it must be filed within ninety days of service thereof on the third party defendant, in order to fit within La. Code Civ.P. art. 1067’s exception to the general rule of one year’s prescription.
In Randall, the plaintiff, Ms. Randall, sustained injuries when she slipped and fell while attempting to traverse an eighteen inch drop-off between the public sidewalk and the walkway leading up to her rented home on March 13, 1983. Ms. Randall filed suit against her landlord, Feducia, and his insurer on February 28, 1984.
On June 1, 1984, these two defendants filed a third party demand against the City of Shreveport. On' August 31, 1984, more than one year from the date of her fall, the plaintiff amended her petition to add the City of Shreveport as a defendant. Ms. Randall sought the same thing from the City that she sought from the other two defendants, damages for injuries she sustained in her fall on March 13, 1983.
The trial court held that the landlord was free from fault, and assessed liability of fifty percent to the City of Shreveport and fifty percent to the plaintiff. The City appealed and filed the peremptory exception raising the objection of one-year prescription. Ms. Randall argued that Mr. Feducia was also liable for her injuries and that the trial court erred in holding otherwise. Both the court of appeal and the supreme court affirmed on the issue of Mr. Feducia’s liability and sustained the City’s plea of prescription.
Although the facts in Randall are dissimilar to the facts in the instant case, the supreme court commented extensively on La.Code Civ.P. art. 1067, as it was the basis for the plaintiff’s argument that her claim against the City had not prescribed.
We find consistent with the purpose of article 1067 the holding that an extension of time allowed for bringing in the third party is limited to the defendant and does not allow a claim which has prescribed between the plaintiff and the third party defendant to be somehow resuscitated by the third party action. This article was designed to protect the defendant against whom suit is filed at the end or very near the end of the prescriptive period. The defendant, without the 90 days allowed by art. 1067, would be precluded by prescription from calling in a third party as warrantor or from making any other incidental demand.
Article 1067 does not open endedly extend the prescriptive period as the plaintiff suggests. Article 1067 does not, in fact, address the plaintiff’s actions at all. It deals with when an “incidental demand” is barred by prescription and has nothing to do with the main demand of -the plaintiff. The plaintiff’s interpretation would mean an action could be brought by the plaintiff against the third party so long as the suit is ongoing between the plaintiff and the original defendant. Prescription would be extended beyond the one year set for such tort actions and would be largely open ended as to any third party defendant. It is our opinion this is not the purpose of Code of Civ.P. art. 1067.
Additionally, as the City points out in their brief, art. 1067 applies to incidental actions which would have prescribed between the time the main demand was filed and 90 days after service of the main demand. A claim for contribution or indemnity, however, may be filed as a third party demand anytime it will not impede the case, Code of Civ.P. art. 1033, or filed as a separate action once the party is cast in judgment, Code of Civ.P. art. 1113. Mr. Feducia’s claim against the city was a claim for contribution or indemnity, and since a claim for contribution or indemnity does not prescribe within the time period of art. 1067, that article simply does not apply. The plaintiff’s claim against the City as defendant pre *167 scribed on March 13, 1984, one year from the date of the accident.
Randall v. Feducia, 507 So.2d at 1240, (emphasis added).
This court also has had occasion to analyze art. 1067 in Landry v. Pierre Part Natural Gas Company, Inc., 413 So.2d 621 (La.App. 1st Cir.1982). In that case, the plaintiff, Mr. Landry, leased a bar and dance hall from its owner beginning in September of 1970, and operated it as such for a few years. In April of 1973, Mr. Landry decided that he wanted to convert the business into a seafood restaurant, and began extensive renovations to the building.
About the time that the renovations began, Mr. Landry noticed the smell of natural gas in and around the building, and the smell persisted after the work was completed and the restaurant opened for business. Mr. Landry made repeated calls to Pierre Part Natural Gas Company, Inc., which serviced the premises with natural gas, to complain about the gas odor. Pierre Part came out several times and checked for leaks in the gas lines, both in the building and leading up to it, even going so far as to dig up the gas line supplying the building with gas along the entire length of the building, but could not find any leaks.
Still the gas odor persisted. Many of Mr. Landry’s customers complained about the gas odor, and after a while, many stopped coming to the restaurant because of it. Finally, as a result of business being very slow, Mr. Landry closed the restaurant in the summer of 1974.
Meanwhile, Mr. Landry hired an attorney who began writing letters to Pierre Part demanding that something be done about the gas odor. On April 28, 1974, Pierre Part sent a man with an instrument used to detect gas leaks out to the restaurant. The instrument indicated that there was a gas leak six feet beyond where the earlier digging had stopped. The gas line was excavated at that point and the leak was found and repaired. The gas odor went away and has not returned since.
At the spot where the gas line had been leaking a telephone cable crossed over the gas line. The gas line had been damaged by the machine used to dig the trench for the telephone cable. The telephone cable was owned by and had been installed by South Central Bell.
On November 27, 1974 Mr. Landry filed suit against Pierre Part for loss of use of the leased premises and mental anxiety and inconvenience for failing to timely repair the gas line. On January 22, 1975, Pierre Part filed a third party demand against South Central Bell, alleging that it had damaged the gas line in the first place. The trial court held that Pierre Part’s third party demand against South Central Bell was prescribed, and dismissed South Central Bell from the suit. On appeal, the court held that although Pierre Part did not know that South Central Bell had damaged the gas line until April 28, 1974, it should have known of the leak, and therefore discovered its cause, in the summer of 1973, when the leak was reported by Mr. Landry, who complained of it vociferously. Thus, Pierre Part’s claim against South Central Bell prescribed sometime during the Summer of 1974, after the passage of the one year prescriptive period applicable to tort actions.
Pierre Part argued that under La.Code Civ.P. art. 1067, it had ninety days from the time it was served with the main demand to file its incidental demand against South Central Bell. We held that article 1067 does not apply where the claim is already barred by prescription. “For art. 1067 to apply, the claim must be one that is not prescribed. The claim had prescribed in the Summer of 1974, before the third party demand was filed.” Landry v. Pierre Part Natural Gas Company, Inc., 413 So.2d at 624. Therefore, we held that Pierre Part’s third party demand against South Central Bell had prescribed notwithstanding article 1067.
CONCLUSION
In light of our holding in Landry, and the Supreme Court’s language in Randall, we interpret Article 1067 to extend the prescriptive period only to a defendant or third party defendant against *168 whom a suit or third party demand is filed within ninety days from the time that his incidental cause of action would have otherwise prescribed. Once this occurs, the defendant or third party defendant has ninety days from the time he was served with the petition or third party demand to bring any incidental claims against any other parties. This article does not give a defendant or third party defendant an additional ninety day period within which to file his suit once it has already prescribed.
We note, as did the Supreme Court in Randall, that a third party demand for contribution or indemnity is not governed by Article 1067, but may be filed anytime it will not impede the case, La.Code Civ.P. art. 1033, or filed as a separate action once the party is cast in judgment, La.Code Civ.P. art. 1113.
The claim filed by the appellant in the instant case is not one for contribution or indemnity, but rather is a claim for her own damages. This is a completely different cause of action from that asserted in the main demand and was prescribed by the prescription of one year found in La. C.C. art. 3492 at the time the third party demand was filed against her.
Thus, even if Mrs. Bernard’s petition in the instant case was a proper incidental demand, an issue which we do not decide, La.Code Civ.P. art. 1067 did not apply to her claim and allow her ninety days within which to file, as her claim was prescribed when the third party demand was filed against her. The trial court was correct to sustain the defendants’ peremptory exception raising the objection of prescription.
Therefore, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.
SHORTESS, J., dissents with reasons.
CARTER, J., concurs in the result.

. By judgment dated April 11, 1986, State Farm was dismissed from this suit pursuant to its unopposed motion for summary judgment. Apparently, although it is not clear from the record why, the policy issued by State Farm to Duhon did not provide coverage for this accident.

. Although Hazel Bernard was not named as a defendant in the original suit filed by her two guest passengers, she was released by them in their settlement and release of Allstate, her insurer, since Allstate was only liable to the two guest passengers vicariously, through the actions of its insured, Hazel Bernard.

. LIGA was added as a defendant in lieu of "XYZ Insurance Company”, the insolvent insurer of Duhon and Ace.

. Duhon and Ace initially filed a peremptory exception raising the objection of prescription as to Hazel Bernard on September 21, 1987; however, that exception was dismissed at the request of Duhon and Ace by judgment dated October 16, 1987.

. Il is undisputed that under the one year prescriptive period for tort actions in Louisiana, found in La.Civ.Code Art. 3492, Mrs. Bernard’s claim is prescribed. Appellant contends only that under the exception to Art. 3492's one year period, found in La.C.C.P. art. 1067, that her action is not prescribed.

. In Romero, the plaintiff, Mrs. Romero, lost control of her car on a muddy stretch of road and struck a culvert. At the time of the accident the defendant Gilmore was installing culverts along the side of the road. After Mrs. Romero contacted the authorities and was returning to the scene of the accident in a friend's pickup truck, the pickup truck was struck from the rear by a vehicle driven by defendant Richard.
Mrs. Romero filed suit within the one year prescriptive period against both Richard and Gilmore. Mrs. Romero alleged that Gilmore was negligent in causing the mud to be on the road and in failing to .wash it off, and that this caused the first accident, and that Richard’s negligence caused the second accident.
More than one year after the two accidents, but within ninety days of being served with the main demand, Richard filed a pleading entitled "answer and intervention and/or third party demand" which alleged that negligence on the part of Gilmore was the cause of the second accident, and sought indemnity and/or contribution from Gilmore for any damages owed to Mrs. Romero, as well as damages for his own injuries and property damage.

. But see, Wood on Behalf of Hayes v. Hayes, 524 So.2d 241 (La.App. 5th Cir.1988); and Hildenbrand v. Schnell, 441 So.2d 395 (La.App. 4th Cir.1983); both of which repudiated the holding of Washington allowing a complete stranger to the litigation, such as Cort, to take advantage of art. 1067’s ninety day period.

. The DOTD's third party demands against both Mrs. Armstrong and Mr. Moraus' son were dismissed on the basis of settlements entered into by those parties and their insurers with the plaintiff.

.A guest passenger in Mrs. Armstrong’s car, Anne Marie Lacy, intervened in the suit on May 19, 1980 seeking damages from the DOTD for her personal injuries. Ms. Lacy was not a party to the suit up until that time either as a plaintiff, defendant, or third party defendant. The Mo-raus Court held that La.C.C.P. art 1067 was not applicable to her claim since it was not filed within ninety days of service upon her (compare this to Washington) of either the main demand or of a third party demand, and was therefore barred by prescription of one year.