SHORTESS, Judge,
dissenting.
The majority’s opinion imposes an additional time limitation, i.e., the third party demand must be filed within 90 days of the date the incidental demand would have otherwise prescribed, to LSA-C.C.P. art. 1067. However, the third party defendant whose incidental demand is lost has no control over when he is made defendant.[1] To make the availability of his incidental demands fortuitously dependent on when his opponent files the third party demand is manifestly unfair and, further, cannot be reconciled with the express language of the statute: the third party defendant has 90 days from the service of the third party demand to assert his claims irrespective of when such claims would have otherwise prescribed (unless prescribed at the time the main demand was filed). LSA-C.C.P. art. 1067.
The opinion erroneously treats Bernard’s claim as an intervention. As to DOTD, it is a reconventional demand. LSA-C.C.P. art. 1111 (“[third party defendant] may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand ... ”). As to the other co-parties, Ace and Duhon, it is a cross-claim. LSA-C.C.P. art. 1071; Patterson v. DOTD, 509 So.2d 505, 507 (La.App. 3d Cir.1987). Both the reconventional demand and the cross-claim are incidental demands within the meaning in Article 1067. See LSA-C.C.P. art. 1031.
DOTD has lost this argument before. In Humphries v. DOTD, 545 So.2d 610 (La. App. 3d Cir.), writ denied, 548 So.2d 1249 (La.1989), DOTD, a defendant in a suit on behalf of a faultless driver, brought a third party demand against the other driver, and was met with a reconventional demand for damages incurred by the latter. The recon-ventional demand was brought beyond the one-year prescriptive period of LSA-C.C. art. 3492, but within the 90-day period of LSA-C.C.P. art. 1067. The court concluded the reconventional demand was timely. *169 Humphries, 545 So.2d at 623. See also Wood ex rel. Hayes v. Hayes, 524 So.2d 241, 243 (La.App. 5th Cir.1988) (“[w]e believe C.C.P. Article 1067 is designed to enable a litigant who is brought into a suit, after prescription would normally have run, to assert his claim within ninety days against the party who brought him in, or where his cause of action is the same as that of other existing litigants, against parties in the suit other than the one who brought him into the litigation”). Hazel Bernard did not file suit until suit was filed against her, but she is no stranger to these proceedings. The parties were aware of her existence as a party to the accident, if not the suit, upon their receipt of the original petition alleging her to be the driver of plaintiffs’ vehicle. I cannot say that prejudice will result to anyone if she is permitted to assert her claim in this suit.
For the reasons expressed, I must respectfully dissent.

. The time delay in this case was due to the DOTD’s 21-month delay in answering the main demand.