586 So.2d 666 (1991)
James C. WILLIAMS, Plaintiff-Appellee,
v.
Scottie A. JEFFERSON, et al., Defendants-Appellants.
No. 22610-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1991.
*667 Brenda Brown, Grambling, for defendant-appellant.
Bobby L. Culpepper, Jonesboro, Boles, Boles & Ryan by Gregory Scott Moore, Monroe, May & Beal by James E. Beal, Jonesboro, for plaintiff-appellee.
Before MARVIN, SEXTON, NORRIS, HIGHTOWER and VICTORY, JJ.
VICTORY, Judge.
In this appeal, two of the three judges of the original appellate panel proposed to reverse the judgment. A dissent in part by the third sent the case to a five-judge appellate panel as required by LSA-Const. Art. 5, § 8B.
This appeal arises out of an incidental demand dismissed on an exception of prescription. We reverse, render, and remand.

FACTS
James C. Williams (Williams) filed a petition for damages on January 26, 1990 claiming he was involved in a collision on January 28, 1989 with a car driven by Scottie A. Jefferson (Scottie) and owned by Scottie and his father, Grady Jefferson (Grady). Grady was also a passenger in the car. Only Scottie was named as a defendant in Williams' main demand.
On February 20, 1990, Scottie and Grady filed a document styled "Answer and Reconventional Demand of Defendants," contending the accident was caused by a combination of Williams' negligence and the glare from a light owned by Louisiana Power and Light Company (LP & L), alleged to be too close to the road. LP & L and Williams were named as defendants in this pleading, which sought tort damages arising out of the accident on behalf of Scottie and Grady. The prayer asked that LP & L and Williams be cast "Jointly and in Solido".
LP & L filed an exception of prescription to both Scottie and Grady's demands.[1] The *668 exception was sustained, and the Jeffersons appeal.

SCOTTIE JEFFERSON'S TORT CLAIM AGAINST LP & L
Although a reconventional demand is normally brought by the defendant in the main demand against only the plaintiff in the main demand, LSA-C.C.P. Art. 1064 allows additional parties to be added when their presence "... is required for the granting of complete relief in the determination of a reconventional demand...."
Article 1064 was patterned after Rule 13(h) of the Federal Rules of Civil Procedure as it existed at the time the Louisiana Code of Civil Procedure was adopted. As a result, federal decisions interpreting the Federal Rules are persuasive in Louisiana courts. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Patterson v. State, Dept. of Transportation and Development, 509 So.2d 505 (La.App. 3d Cir.1987); Rougeau v. Commercial Union Insurance Company, 432 So.2d 1162 (La.App. 3d Cir.1983).
In Value Line Fund v. Marcus, 161 F.Supp. 533 (N.Y.1958), the trial court discussed former Federal Rule of Civil Procedure 13(h) which contained virtually identical language to that of our present Art. 1064. It pointed out that an added party need not be an indispensable nor a necessary party. The court cited the prevailing view in the federal courts that Rule 13(h) was to be construed liberally, as LSA-C.C.P. Art. 5051 requires us to construe the Articles of the Louisiana Code of Civil Procedure. Numerous federal decisions were cited in Value Line Fund that allowed joint tortfeasors to be added as additional parties to a counterclaim, or reconventional demand as it is called in Louisiana law.
Louisiana decisions have not required that the added party to a reconventional demand be necessary or indispensable. In fact, in BNO Leasing Corporation v. Mooty, 433 So.2d 178 (La.1983), the Louisiana Supreme Court, citing Art. 1064, summarily reversed a decision of the appellate court that had let stand a trial court ruling that an additional party to a reconventional demand was improper because the party had not been shown to be an indispensable party. Similarly, in Lawton v. Cain, 172 So.2d 734 (La.App. 2d Cir. 1964), this court, citing Art. 1064, allowed the owner/defendant to add an architect and his insurance company as parties to a reconventional demand against the contractor.
It is our view that because Art. 1064 should be construed liberally, persons alleged to be joint tortfeasors may be properly added as parties to a reconventional demand. This view is bolstered by other articles of the Louisiana Code of Civil Procedure. Article 1040 provides that unless the context indicates otherwise, the words "plaintiff" and "defendant" include a plaintiff and a defendant in a reconventional demand. Thus, Articles 463, 643, and 647 lend support to the conclusion that Scottie, as plaintiff-in-reconvention, can procedurally join Williams and LP & L as defendants in his reconventional demand. See Texas Gas Transmission Corporation v. Gagnard, 223 So.2d 233 (La.App. 3d Cir.1969).
We agree with the conclusion reached by the First Circuit in Enterprise Leasing v. Porche Brothers, 543 So.2d 87 (La.App. 1st Cir.1989) that if the court may order that parties be added under Art. 1064, there is no reason why a plaintiff-in-reconvention cannot add them on his own initiative.
Having determined that Scottie Jefferson properly added LP & L as a party to his reconventional demand, we turn to the issue of prescription. LP & L argues it was not sued within a year of the accident, thus Scottie's claim against it is prescribed. We disagree for two reasons.
First, since Scottie's claim was timely filed against Williams, who is alleged to be a joint tortfeasor with LP & L, it must be viewed as timely filed as to all alleged joint tortfeasors until such time as a determination of joint liability is made. As a general *669 rule, a suit timely instituted against a solidary obligor, as Williams is alleged to be here, interrupts prescription as to all solidary obligors on the cause(s) of action brought. LSA-C.C. Arts. 1793, 1799, 2324 C., 3462, and 3503.
Second, LSA-C.C.P. Art. 1067 provides:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Since we have determined Scottie's claim against LP & L is properly part of Scottie's reconventional demand, under Art. 1067, Scottie had 90 days from service of the main demand to sue LP & L. Because he filed his claim against LP & L within the 90 day period, it was timely.
The instant facts are similar to those presented in Patterson, supra, where the court held that a cross-claim filed after the one-year prescriptive period had run, but with the 90-day period of Art. 1067, was not prescribed, even as to a party added in the cross-claim under Art. 1073. Here, although LP & L is added under Art. 1064 (additional parties to a reconventional demand) and not Art. 1073 (additional parties to a cross-claim), the result is the same.
We hold Scottie Jefferson could properly name LP & L as a defendant in his reconventional demand, and that his claim against LP & L is not prescribed.

GRADY JEFFERSON'S CLAIMS AGAINST LP & L
We consider next if Grady Jefferson's claim against LP & L was improperly dismissed as prescribed.
Grady's petition (same as Scottie's) is styled an "Answer and Reconventional Demand of Defendants," but his failure to properly label the action is inconsequential. Paxton v. Ballard, 289 So.2d 85 (La.1974); Banks v. Rattler, 426 So.2d 362 (La.App. 2d Cir.1983).
LSA-C.C.P. Art. 1091 provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
This court has previously taken a liberal view of interventions. In Banks v. Rattler, supra, Mrs. Rhymes was brought into a lawsuit by a third party demand. She answered and reconvened against two of the defendants. Her husband, not previously a party to the suit, sought to intervene by the same pleading. We held Mr. Rhymes had properly intervened, citing other cases[2] which had broadly interpreted the scope of interventions.
We hold the tort claim filed by Grady meets the requirements of intervention set out in Article 1091. His claim is "to enforce a right related to or connected with the object of the pending action" and seeks similar relief to that demanded by his son, the plaintiff-in-reconvention, against the same defendants, Williams and LP & L.
Since Grady's claim was not barred when the main demand was filed, and was filed within 90 days of service of process of the main demand, Grady's tort claim against LP & L is not prescribed. LSA-C.C.P. Art. 1067; Accord, Romero v. Richard, 425 So.2d 355 (La.App. 3d Cir.1982); Washington v. Goldate, 411 So.2d 1224 (La.App. 4th Cir.1982).[3]

*670 DECREE
For these reasons, we reverse the trial court's ruling at the cost of appellee and render judgment overruling LP & L's exception of prescription to the demands of Scottie and Grady Jefferson. We remand for further proceedings consistent with this opinion.
REVERSED, RENDERED, AND REMANDED.
SEXTON and HIGHTOWER, JJ., dissent in part and assign written reasons.
SEXTON, Judge, dissenting in part.
Based on LSA-C.C.P. Arts. 1067 and 1073, as well as Patterson v. State Department of Transportation and Development, 509 So.2d 505 (La.App. 3rd Cir.1987), I agree that the claims of Scottie Jefferson against LP & L are not prescribed. The basis to allow Scottie Jefferson to bring in LP & L is LP & L's status as an alleged solidary obligor. Thus, if Scottie Jefferson's demands against James Williams are rejected, LP & L then has a viable prescription exception. Randall v. Feducia, 507 So.2d 1237 (La.1987).
However, I disagree with the majority that Grady Jefferson's "intervention" against LP & L and the original plaintiff, James Williams, is not barred by prescription. I view the demands of Grady Jefferson as separate and distinct and would follow the jurisprudence cited in the majority's footnote three to determine that Grady Jefferson's action is a new and separate one which is stale and thus outside the intent of LSA-C.C.P. Art. 1067.
HIGHTOWER, Judge, dissenting in part.
Like Judge Sexton, I disagree with the majority's conclusion that Grady Jefferson under these circumstances can be both positioned as a tardy intervenor and additionally excused, by LSA-C.C.P. Art. 1067, from prescription.
NOTES
[1] James Williams also filed a peremptory exception of prescription to Grady Jefferson's pleading. This exception was sustained in open court, but no written judgment was signed; however, Grady Jefferson obtained an order of appeal from the trial judge. We dismiss this aspect of Grady Jefferson's appeal ex proprio motu for non-compliance with LSA-C.C.P. Art. 1911. We note, however, the trial court's ruling predated this opinion. Further, the trial court failed to take evidence and rule on the allegations of paragraph X of the Answer and Reconventional Demand of Defendants.
[2] See, e.g., Gallin v. Travelers Insurance Co., 323 So.2d 908 (La.App. 4th Cir.1975), writ denied 329 So.2d 452 (La.1976), where the court allowed a passenger to intervene where the driver and another passenger had already sued.
[3] But see Wood on Behalf of Hayes v. Hayes, 524 So.2d 241 (La.App. 5th Cir.1988); Hildebrand v. Schnell, 441 So.2d 395 (La.App. 4th Cir.1983); and Moraus v. State, through Dept. of Transp., 396 So.2d 596 (La.App. 3d Cir.1981), holding LSA-C.C.P. Art. 1067 does not apply to interventions.